Bearden v. The State.

## Bearden v. The State.

| 44 | 331 |
| 58 | 520 |
| 44 | 331 |
| 62 | 537 |
| 44 | 331 |
| 63 | 507 |
| 44 | 331 |
| 66 | 208 |
| 44 | 331 |
| 84 | 177 |

1. CRIMINAL PRACTICE: *When presence of defendant necessary.*
   A defendant under indictment for a felony must be present whenever any substantive step is taken by the court in his case. And to annul a verdict against him for a violation of this right it is not necessary that he show that he was actually prejudiced by the proceeding in his absence. It is sufficient if it appears that he may have lost an advantage or been prejudiced by the proceedings; but where no prejudice could by any possibility result from the action of the court, there is no reason for requiring his presence.

2. SAME: *Same.*
   It is no infringement of the defendant's rights for the clerk, in his absence, to place the names of the panel in a box preparatory to drawing the jury for the trial; but to swear the witnesses and put them under rule in his absence is a violation of his rights.

APPEAL from *Boone* Circuit Court.
Hon. J. M. PITTMAN, Circuit Judge.

The appellant was convicted of murder in the first degree. The facts sufficiently appear in the opinion.

*O. W. Watkins* and *W. F. Pace* for appellant.

Permitting the defendant to announce "ready for trial by attorney in the absence of defendant;" swearing the witnesses and putting them under the rule, and putting the names of the jurors in the box to be drawn in the absence of the defendant, were, each, *substantive steps* taken during the trial when he was not present, and reversible errors. *19 Ark., 209; 24 Ark., 635 and 627; Guntt's Dig., sec. 1887; 43 N. Y., 3.*

*D. W. Jones*, Attorney General, for the State.

By appearing in person and announcing himself ready for trial, without objections to the proceedings had in his absence, appellant waived all objections to those proceedings. *(42 Ark., 94.)* None of the steps taken was a substantial one coming within the rule.

1. CRIMINAL PRACTICE: Presence of defendant.    COCKRILL, C. J. After indictment found for a felony, the defendant must be present whenever any substantive step is taken by the court in his case. This is general doctrine, and is the construction given by this court to the statute requiring the presence of the defendant "during the trial" on indictment for felony. *Mansf. Rev. Stat., sec. 2213; Sweeden v. State, 19 Ark., 205; Osborn v. State, 24 Ib., 629; Brown v. State, Ib., 620.*

Under this rule it is not necessary that the accused shall show that he was actually prejudiced by the proceeding had in his absence. It is sufficient to annul the verdict against him if it appears that he may have lost an advantage or been prejudiced by reason of a step taken in his absence. The reason of the rule is to secure to the accused full facilities for defense. However, while he cannot be deprived of his right to be present at all stages of his trial, it does not follow that he must be.

Bearden v. The State.

The statute provides that certain proceedings may be had in the absence of a defendant who absconds, or is on bail and absents himself. (*Mansf. Rev. St., sec. 2213*) Where, also, no prejudice could by any possibility result from the action of the court, there is no reason for requiring the presence of the defendant.

In the case at bar, counsel in defendant's absence an- 2. SAME: nounced his case ready for trial, and the clerk, by direc- jury.

Drawing tion of the court, placed in a box which the law requires him to keep for that purpose, slips of paper containing the names of the regular panel of jurors. This was done preparatory to drawing a jury to try the case. There is no time prescribed for putting the names of the jurors in the jury box. (*Mansf. Revised Stat., 2221.*) The presumption is that they are kept there subject to be drawn out whenever occasion requires, and it is immaterial when they are put in the box. When the appellant's case was called the State was ready for trial, and it had been so announced in his presence. After a short interval, when he had conferred with his counsel, he was asked by the court if he was ready to proceed to draw a jury to try his case. He answered that he was. This was a declaration that he was ready for trial as unequivocal as his counsel had made in his absence, and it was in apt time. He had then the same opportunity to except to the panel, examine the names placed in the box, or do any other act that he might have done at any time in relation thereto.

We are not so sure, however, that the rights of the prisoner might not be affected by swearing the witnesses and placing them under the rule in his absence, as was done in this case. We may readily conceive advantages to be derived by his personal presence at such time. He is interested in seeing that the witnesses are all actually sworn, that the proper oath is administered, and that all

of his own witnesses are included in the rule. He would be apprised, too, of what witnesses the State would call against him, and thus be better enabled to prepare for his defense. In the light of the decisions of this court we are not prepared to say that a substantive step in the case was not thus taken in his absence. Every reasonable presumption should be indulged *in favorem vitae.*

The only other point pressed, here, is the sufficiency of the evidence to sustain the verdict. The bill of exceptions is inartificially and awkwardly made up, and we are fortunately relieved from the necessity of considering this point.

For the error pointed out, let the judgment be reversed and the case remanded for a new trial.