Bussey *v.* State.

Opinion delivered July 13, 1901.

New Trial—Newly Discovered Evidence.—Where defendant was convicted of rape almost entirely upon the testimony of the prosecuting witness, who after the trial made an affidavit retracting her testimony, it was error to refuse a new trial upon the ground of newly discovered evidence.

Appeal from Ouachita Circuit Court.

Charles W. Smith, Judge.

STATEMENT BY THE COURT.

On the 20th day of May, 1901, the grand jury of Ouachita county returned an indictment against Will Bussey, charging him with having, on the 16th day of the same month, committed the crime of rape upon one Clara Watson. Attorneys were appointed by the court to assist the defendant, Bussey, on his trial. The defendant, through his attorneys, asked the court to postpone the trial in order to give him time to prepare for the defense, and, further, on the ground that public sentiment was so inflamed against defendant that he could not receive a fair and impartial trial at that time. This motion was overruled, and on the 21st day of May, 1901, the defendant was placed on trial. On this. trial the jury were unable to agree and were discharged; and on· the 24th day of the same month, defendant was re-tried before: another jury, and was convicted of the crime of rape, and on the· next day, after a motion for new trial had been overruled, was sentenced to be hanged. Before the sentence was carried into effect, and before the final adjournment of the court, the defendant filed a second motion for new trial on the ground that the court erred in refusing to postpone the trial, and on the ground of newly-discovered evidence that the prosecuting witness had made a written statement, sworn to by her, before the clerk of the circuit court, in which she retracted the statements made against the defendant on the trial, and admitted that those statements were false, that she had made them under coercion of her husband,

and that her testimony was the result of a scheme devised and concocted by her hansband to punish the defendant, Bussey. This motion was supported by the affidavit of the prosecuting witness, Clara Watson, and the affidavits of other persons. The motion was overruled, and defendant appealed.

T. W. *Hardy* and *John T. Sifford,* for appellant.

*George W. Murphy, Attorney General,* for appellee.

RIDDICK, J., (after stating the facts). The defendant in this case was tried and convicted of the crime of rape. The conviction rests almost entirely on the testimony of the prosecuting witness, Clara Watson, and the only question we need consider on this appeal is whether the circuit court erred in refusing to grant a new trial on the ground of newly discovered evidence to the effect that the prosecuting witness had since the trial made a written retraction of her testimony against the defendant, and admitted that it was false, and the defendant innocent. It is now well settled that courts do not, as a rule, grant new trials on newly-discovered evidence that is merely cumulative, or that simply tends to discredit or impeach one or more of the witnesses of the adverse party. And even a confession of perjury on the part of a material witness does not necessarily call for a new trial, when, eliminating his evidence, there is still other evidence sufficient to support the judgment. The rules upon which the courts act in refusing new trials in such cases are founded on reason, and intended to avoid the uncertainty and delay in the administration of justice that would result from frequent and unnecessary trials. But these rules are not so arbitrary as to prevent the courts from granting a new trial when the party complaining is without fault, and when it is made probable by the newly-discovered evidence that the judgment is wrong, and that great injustice will result unless a new trial be granted.

The newly-discovered evidence set up by the motion in this case cannot be said to be altogether cumulative, for it is not a mere repetition of other evidence adduced at the trial. It brings in new facts, and throws a new light on the case, and, when taken in connection with other facts in the case, tends to show that the testimony of the prosecuting witness, Clara Watson, given at the trial, was not only false, but that it was the result of a conspiracy on the part of her husband, herself and possibly others to convict the defendant of rape, in order to punish him for other acts which the law does not make criminal.

Now, as before stated, the prosecution and conviction were based almost entirely upon the testimony of this witness, for she was the only person who testified that a crime had been committed, and the only one who connected the defendant with it. Even with her testimony as it stood at the trial, the evidence was not entirely convincing, and on the first trial the jury failed to agree. So it is clear that, with her testimony eliminated or discredited, the result of another trial would be an acquittal of defendant, unless the prosecution can produce other evidence of the crime. While the effect of this newly discovered evidence is to impeach and discredit the testimony of the prosecuting witness in this case, it goes beyond the mere impeachment of a witness, and overthrows the essential portion of the evidence upon which the conviction of the defendant rests; for, even if she should, on another trial, testify the same as on the former trial, certainly no judge or jury would place much reliance on such testimony when it was shown that she had voluntarily made affidavit that it was false, and the defendant innocent.

If it be said that to permit a witness by a confession of perjury to overturn a judgment based on her testimony would license her to trifle with the courts, we must reply that such a witness undoubtedly deserves to be punished, but this furnishes no reason for the refusal of justice to the defendant. It is the witness, and not the defendant, that has trifled with the court, and she, and not the defendant, should suffer for such contempt. The court and jury, relying on the testimony of this witness as that of a truthful and trustworthy woman, have convicted the defendant, and sentenced him to be hanged; but, if her affidavit is true, her testimony is false, and the judgment wrong. The circumstances under which she made this written retraction of her former testimony are such as to raise the belief that the retraction, and not the testimony, is true, and that, if this judgment is enforced, the defendant will suffer death for a crime of which he is not guilty.

But, whatever the truth may be, whether the defendant be guilty or innocent, it can be established by another trial; and certainly it is better that this case should be retried than to enforce a judgment for the extreme penalty of death, when the newly-discovered evidence that could not be produced at the trial makes it seem probable that this judgment was wrong.

We are therefore of the opinion that the motion of the defendant should have been granted by the circuit court, and for the refusal to do so the judgment is reversed and a new trial ordered.