## SCOVILLE *v.* STATE.

### Opinion delivered October 28, 1907.

CRIMINAL PROCEDURE—ORDERING SPECIAL PANEL OF JURORS IN DEFENDANT'S ABSENCE.—The defendant in a felony case cannot complain because the trial court in his absence ordered a special panel of jurors to be summoned to be used in case the regular panel was exhausted.

Appeal from Sebastian Circuit Court; *Daniel Hon,* Judge; affirmed.

*Edwin Hiner,* for appellant argued the case orally.

*William F. Kirby,* Attorney General and *Daniel Taylor,* Assistant, for appellee.

1. Having pleaded to the indictment, without objection, and the transcript failing to reveal the error complained of, this court will presume that a copy of the indictment was served, or that defendant waived it. 42 Ark. 94; 43 *Id.* 391.

2. The punishment is not excessive. The testimony shows a shocking and atrocious murder, wholly without provocation.

HILL, C. J. George Zeigler was killed by Lee Scoville, and the grand jury of Sebastian County for the Fort Smith District

indicted Scoville for murder in the first degree. He took a change of venue, and the case was tried before a jury in the Greenwood district of Sebastian County, and he was convicted of murder in the second degree, and sentenced to fifteen years in the pentitentiary, and he has appealed.

His counsel in oral argument has presented two questions to the court:

1. On the day before the trial, and in anticipation thereof, the court had ordered a special panel of thirty jurors; and, after exhausting the regular panel, this special panel was used to complete the jury. A challenge to the array of the special venire was made on the ground that it was prematurely ordered, and that the defendant was absent when the order was given therefor, and in an affidavit attached to the motion for new trial the defendant swears that he did not consent nor authorize any one to consent to the making of the order for the special venire. Practically this same question was presented in *Mabry* v. *State,* 50 Ark. 492. After reviewing the change made by the Criminal Code in the procedure of trials, Chief Justice COCKRILL said: "The defendant can not therefore be heard to complain that the order to summons jurors to complete the term jury was made in his absence." See also *Polk* v. *State,* 45 Ark. 165; *Bearden* v. *State,* 44 Ark. 331.

2. Counsel insists that the punishment of fifteen years was too severe for the crime, and asks the court to modify the judgment under the authority conferred by section 2436, Kirby's Digest. The court has gone through the evidence, and fails to agree with counsel; but, on the other hand, thinks the jury was quite lenient with his client.

Judgment is affirmed.