PEARSON *v.* STATE.

## Opinion delivered June 7, 1915.

1. CONTINUANCES—ABSENT WITNESS—DISCRETION.—A continuance for the term was properly refused in a criminal trial, asked on account of the absence of defendant's father, who was alleged to be a material witness for the defense, when no reason was shown why defendant's father was absent, when he had recently been seen in the neighborhood, and where it was not shown that he would be present at the next term of court.

2. EVIDENCE—STATEMENTS OF ACCUSED.—Appellant was accused of murder, and being captured in Oklahoma, was brought back to this State by a special officer. On the journey back appellant made certain statements to the officer, admitting being present when the killing was done, but denying that he had done the act. *Held*, evidence of these statements was admissible, in the absence of any showing that they were not freely and voluntarily made.

3. APPEAL AND ERROR—BURDEN OF SHOWING ERROR—PRESUMPTION.— Where it is sought to reverse a judgment for the admission of incompetent testimony, the burden is upon the appellant to show error, as every presumption will be indulged in favor of the ruling of the trial court.

4. PLEADING AND PRACTICE—EXCEPTIONS BY BYSTANDERS.—In order to preserve exceptions by bystanders, under Kirby's Digest, § § 6225-6226, it is necessary that these exceptions be first presented to the trial court for allowance, and it must also appear that he rejected the same.

5. PLEADING AND PRACTICE—EXCEPTIONS BY BYSTANDERS—HOW SAVED.— It is a sufficient compliance with the statute, if the exceptions made by the aid of bystanders are presented to the trial judge, and if it is shown by affidavit that the exceptions were presented to the trial judge and rejected by him.

6. PLEADING AND PRACTICE—EXCEPTIONS BY AID OF BYSTANDERS—HOW PRESERVED—DUTY OF JUDGE.—While a trial judge should certify the fact of the presentation to him and the rejection by him of exceptions prepared by the aid of bystanders, if he positively refuses to do so, then, that fact may be made to appear by affidavit, and he may be compelled to do so by mandamus.

7.  CRIMINAL PROCEDURE—ACTION OF COURT IN THE ABSENCE OF THE DE-
    FENDANT.—In a criminal prosecution, after the jury had retired to
    consider their verdict, they addressed a question to the trial judge
    in writing, and which the trial judge answered in writing, all of
    which was done in the absence of the defendant and his counsel.
    *Held*, the action of the court constituted reversible error.

8.  HOMICIDE—SUFFICIENCY OF THE EVIDENCE.—In a prosecution for
    homicide, the evidence held sufficient to warrant the returning of
    a verdict finding the accused guilty of the crime of murder in the
    first degree.

Appeal from Woodruff Circuit Court, Northern District; *J. F. Summers,* Special Judge; reversed.

*E. M. Carl Lee* and *F. E. Wilson,* for appellant.

Under the act of May 31, 1909, this court will consider all errors prejudicial whether exceptions were saved or not. A continuance should have been granted. Defendant was diligent. The refusal was a flagrant abuse of the discretion of the court. 60 Ark. 564; 71 *Id.* 182; 100 *Id.* 301; 73 *Id.* 180. Two days is not a reasonable time. 12 Cyc. 503, 535; 95 Ark. 273; 50 *Id.* 49.

2. The court erred in admitting the evidence of J. B. Kittrell. It was hearsay.

3. The court erred in receiving and answering the note from the jury. The defendant was absent. No prejudice need be shown. Kirby's Dig., § 2339; 24 Ark. 620; 108 *Id.* 192; 44 *Id.* 331. All communications between the judge and jury after the jury has retired, etc., must be in open court, the accused being present. 12 Cyc. 681; 8 Ind. 439; 23 Ill. 283.

*Wm. L. Moose,* Attorney General, and *Jno. P.* Streepey, Assistant, for appellee.

1. The continuance was properly refused. Matters of continuance are peculiarly within the discretion of the court. 109 Ark. 410.

2. Kittrell's testimony was admissible as showing a confession of guilt.

3. There was no error in the court receiving the note from the jury. 114 Ark. 452.

WOOD, J. Appellant was convicted of the crime of murder in the first degree. The indictment in due form

charged the appellant of the crime of murder in the first degree in the killing of one John Harris.

(1) I. Appellant moved the court to continue the case on account of the absence of Pomp Pearson. Pomp Pearson was the father of the appellant. His testimony as set forth in the motion for a continuance would tend to show an alibi. Treating the testimony, therefore, as material, did the court err in overruling appellant's motion to continue the case to allow him to procure the testimony of this witness, which he set up could be done at the succeeding term of the court? On the motion to continue the court heard the testimony of certain witnesses who were deputized to serve the subpoena on the witness, Pomp Pearson. One witness testified that he went to Pearson's house and was informed by Pearson's wife that he was not at home but would probably return that evening. The officer did not go back to Pearson's home that evening for the purpose of serving the subpoena.

One witness testified that Pearson had forty acres of land in his farm, and that if the case was continued until the next term he supposed he could be had. The sheriff testified that the officer whom he deputized to serve the subpoena on Pomp Pearson reported that he could not find him. He then sent his regular deputy to Pomp's home and he also reported that he was not there and had not been seen at home since Tuesday before. One Ira Stewart testified that he was told that Pearson was ''afraid to come on account of his connection with stealing cotton.'' Another witness testified that Pearson, in company with Scipio Jones, a lawyer of Little Rock, called at his office on Friday afternoon before the trial, which was had the following Wednesday, and that the purpose of their visit was to employ him to assist in the defense of the appellant, but that he informed them that he had been employed by the prosecution.

The court overruled the motion for a continuance, and in so doing did not abuse its discretion. The absent witness being the father of appellant, if appellant could have proved by him the facts as set up in his motion for a continuance, it seems but reasonable that he would have

been present. If, as indicated by witness Stewart, Pomp Pearson had absented himself from the court and was concealing himself because of fear of prosecution, the same fear would likely cause him to conceal himself at the subsequent term as well, and there was no reasonable assurance, therefore, that he could be had at the following term of the court, and nothing was set up in the motion and nothing in the evidence indicating that there was a greater probability of securing the presence of the absent witness at the following term.

The presence of appellant's father, Pomp Pearson, in Augusta the week before, showing that he was interested in his son's defense, warranted the court in finding that he was in the community, but for some reason, unexplained, was concealing himself from the court's process. It was within the discretion of the court, under these circumstances, to refuse to continue the case. Appellant did not show that he would be or could be in any better situation to procure the testimony of Pomp Pearson at the succeeding term. It was incumbent upon appellant, under the circumstances, to explain the absence of the father and to set up and show some reason for believing that if the case was continued his presence could be had at the subsequent term. The mere statement of these things in the motion was not sufficient. *Sullivan* v. *State,* 109 Ark. 407, p. 410.

Appellant also asked that the cause be continued on account of the absence of a witness by the name of Ira Johnson, but appellant fails to show that there was any person living in the neighborhood by the name of Ira Johnson, while there was affirmative testimony on behalf of the State to the effect that there was no person in the county by the name of Ira Johnson. The court, under this showing, correctly held that the motion to continue was not sufficient.

(2-3) II. J. B. Kittrell, the special officer who brought appellant from Oklahoma, where he had been arrested after the killing occurred, was talking with the appellant on the train and appellant told the witness that he was not the man who did the shooting. Appellant told

witness that on the occasion when Harris was killed he (appellant) was in the wagon with the negro who killed Harris, and that when he heard some one coming he (appellant) jumped out of the wagon and ran off in the field. He told the witness that after the shooting the negro who did the shooting caught up with him (appellant) and this negro was badly shot himself and gave out and that appellant left him and went on. Appellant told witness then about his leaving the country and the places where he had been.

The testimony of the witness Kittrell was competent as evidence against appellant. It tended to show a confession on the part of appellant to the effect that he was present when Harris was killed. He denied that he was the party who fired the fatal shot, and stated that another negro did the shooting. The credibility of his testimony was for the jury. There is nothing in the record to show why these statements were made to the officer, and it does not appear that they were elicited under the influence of any threats of punishment or promises of immunity from punishment held out by the officer.

The court admitted the testimony, and must have found, therefore, that the statements were freely and voluntarily made; for otherwise these statements of appellant, in the nature of a confession, would have been incompetent. The appellant must show error, as every presumption is indulged in favor of the ruling of the trial court; and, in the absence of testimony tending to show that these statements were not freely and voluntarily made, we must hold that the ruling of the court was correct in admitting them. There is nothing in the record to show that the ruling of the court was not in accord with the law as announced by this court concerning the admissibility of confessions in many cases. Some of the more recent ones are *Dewein* v. *State,* 114 Ark. 472; *Greenwood* v. *State,* 107 Ark. 568.

III. There are certain affidavits in the transcript to the effect that after the jury had retired to consider their verdict, and after they had been out for several hours, one of them called the sheriff to the door of the room in

which they were deliberating and handed him a note addressed to the trial judge. The note was substantially as follows: "If the jury should find the defendant guilty, as charged in the indictment with a recommendation for leniency, has your honor the authority and will you assess his punishment at twenty-one years in the State penitentiary or for life?" The affidavits were to the effect that the court answered the above note as follows: "No." That when this communication was had between the court and the jury neither the defendant nor his attorneys were present and they knew nothing about it.

There is no reference in the bill of exceptions to this proceeding and no reference therein to these affidavits having been presented to the trial judge and of his refusal to consider the same; and nothing in the bill of exceptions to indicate that such proceeding was had or to identify the affidavits by which it is sought to prove that there was such a proceeding.

Counsel for appellant contend that they preserved their exceptions to the above proceedings under sections 6225 and 6226 of Kirby's Digest, which provide:

"Sec. 6225. Where the decision is not entered on the record, or the grounds of objection do not sufficiently appear in the entry, the party excepting must reduce his exception to writing and present it to the judge for his allowance and signature. If true, it shall be the duty of the judge to allow and sign it; whereupon it shall be filed with the pleadings as part of the record, but not spread at large on the order book. If the writing is not true, the judge shall correct it, or suggest the correction to be made, and, when corrected, sign it.

"Sec. 6226. If the party excepting is not satisfied with the correction, upon his procuring the signatures of two bystanders attesting the truth of his exception as by him prepared, the same shall be filed as part of the record, etc."

In *Fordyce* v. *Jackson,* 56 Ark. 600, we said: "The appellants attempt to add to the bill of exceptions allowed by the trial judge by presenting certificates filed with the circuit clerk and affidavits attesting the truth of his addi-

tional exceptions. But their effort must prove futile, because the record fails to show that the omitted exceptions were presented to the judge for allowance and rejected by him. It is only where the exceptions are presented to the judge for allowance and are rejected by him that the statute permits them to be preserved by the certificate and affidavits by bystanders. When the judge rejects any part of the bill of exceptions presented to him for allowance by either party, he should certify that fact, if the aggrieved party desires, in the bill of exceptions. The foundation is then laid for preserving the excluded exceptions by the aid of bystanders. If the judge refuses to certify this disallowance of any matter, it is time enough then to attempt to bring that fact upon the record by the bystanders. For aught that appears here, the judge allowed the bill of exceptions, presented to him by the appellant. There is no intimation to the contrary in the bill of exceptions, the certificates or the affidavits.''

(4) It thus appears that in order to preserve exceptions by the bystanders, under the statute, it is necessary that these exceptions be first presented to the trial court for allowance, and it must also appear that he rejected the same. See, also, *Vaughan* v. *State,* 57 Ark. 7. In *Fordyce* v. *Jackson, supra,* it is pointed out that the proper method of showing that the judge did reject the same is by his certificate in the bill of exceptions to that effect.

In the above case there was no showing of any kind, either by the bill of exceptions, the certificate or the affidavits, that the excluded exceptions had first been presented to the trial judge. The court does not hold that the certificate of the circuit judge in the bill of exceptions showing that he had rejected the exceptions made by the aid of bystanders was the only method of showing that such exceptions had been presented and rejected by the trial court. On the contrary, the intimation there is that if the certificates or affidavits had shown such fact this would have been sufficient.

In *Boone* v. *Goodlett,* 71 Ark. 577, the appellant tendered a bill of exceptions to the trial judge for his signa-

ture and he refused to sign the same, but amended it by
interlineations and erasures.   Thereupon, appellant filed
the bill of exceptions as amended and a statement in the
form of an affidavit by his attorney, in which he stated
that he presented the bill of exceptions without erasures
or interlineations and that the judge had amended it as
before stated, and the appellant filed the affidavits of by-
standers to the effect that the bill of exceptions was cor-
rect as prepared and was tendered for signatures by the
judge, who made the amendment by erasure and inter-
lineation.   Judge BATTLE, speaking for the court concern-
ing this state of facts, said:   "This is a substantial com-
pliance with the statutes.   The part of the bill of excep-
tions that was signed by the judge appears in that instru-
ment over his signature.   The amendment appears in the
bill of exceptions, and the affidavits of the bystanders
show that it was made by the judge.   It is true that the
judge did not certify that he made the amendment.   This
was not absolutely necessary. * * * The statutes do not
provide that it should be shown in any particular man-
ner."

(5)   Under the rule thus announced it is a sufficient
compliance with the statute if the exceptions made by the
aid of bystanders are presented to the trial judge, and if
it is shown by affidavit that the exceptions were presented
to the trial judge and rejected by him.

In *Boone* v. *Goodlett, supra,* the attorney for the ap-
pellant filed an affidavit to the effect that he presented
the bill of exceptions without erasures or interlineations
and that the judge had amended it, and that he was not
satisfied with the amendment, and that the exceptions as
prepared by him (the attorney) were correct.   The court,
speaking of this affidavit of the attorney, said:   "The
attorney of the appellant was not a bystander, and his
affidavit was not admissible to show that the bill of ex-
ceptions presented to the judge was true, but it was com-
petent to show that the appellant was not satisfied with
the amendments."

Very much the same thing was done in the instant
case.   The attorney for the appellant filed an affidavit in

which he states that he presented the exception prepared by him and attested by the bystanders to the judge for his signature and certificate, and that the judge not only refused to certify to the same as correct, but refused to make any corrections in the same and refused to allow the same as prepared, and refused to certify his disapproval thereof in the bill of exceptions.

(6)   While the trial judge, in every case, as suggested in the above cases, should certify the fact of the presentation and rejection by him of the exceptions prepared by the aid of bystanders, if he positively refuses to do so, then, under the authority of the above cases, that fact may be made to appear by affidavit. It will rarely occur, however, that a trial judge will refuse to certify the fact of such presentation and rejection, if such be the fact, and hence a resort to the less satisfactory method of making such proof will seldom be necessary. His duty under the statute is clearly defined by the above decisions, and where he positively refuses to take any action at all upon the exceptions as thus presented he could be compelled to do so by mandamus. See *Springfield* v. *Fulk,* 96 Ark. 316. However, such seems to be the case now under review, and upon reconsideration we have reached the conclusion that the exception as prepared by him should have been allowed.

(7)   Therefore, treating the exception as true, the court erred in communicating with the jury in the manner set up in this exception in the absence of the defendant and his counsel. This inquiry on the part of the jury and the answer thereto by the court was tantamount to giving instructions to the jury in the absence of the defendant and his counsel. If the appellant or his counsel had been present, then they might have objected to the court's answering the inquiry in any manner at all, and they might have objected to the answer that the court gave. It is unnecessary to determine whether the answer was correct.

In *Kinnemer* v. *State,* 66 Ark. 206, the court reread the instructions to the jury in the absence of the defendant exactly as at first given before the jury retired to

consider of their verdict. Of this procedure, we said: "The instructions could not be reread in his absence, for, although they were read 'exactly as at first given,' the defendant had the right to know and see that such was the case, and to be present for that purpose." Citing *Brown* v. *State,* 24 Ark. 620; *Bearden* v. *State,* 44 Ark. 331. See also *Stroope* v. *State,* 72 Ark. 379-80.

(8) IV. There was evidence to sustain the verdict. While the testimony was conflicting there was evidence adduced on behalf of the State tending to show that appellant, before the killing, had brought a bale of cotton into the town of Grays, Woodruff County, Arkansas, and had sold the same; that the next day an officer came to town in company with a man who claimed this bale of cotton; that a warrant was issued for appellant, and the deceased, Harris, was deputized to serve it; that he was accompanied by one who knew appellant and went with the officer to identify him; that they met appellant as he was returning from Augusta on a starlight night; that appellant was driving a wagon; that Harris and the man accompanying him rode up to the wagon and Harris told appellant that he had a warrant for his arrest and asked the party with him who knew appellant to search him; that as this party started to appellant to search him appellant shot Harris. ·

This testimony was sufficient to warrant the jury in finding that appellant wilfully and with malice aforethought, after deliberation and premeditation, shot and killed Harris. They were therefore warranted in returning a verdict finding appellant guilty of the crime of murder in the first degree. See *Jim Harris* v. *State,* 119 Ark. 85, and cases cited. For the error indicated, the judgment is reversed and the cause remanded for a new trial.