## Lewis *v.* State.

### Opinion delivered September 28, 1925.

1. Continuance—absent witness.—It was not error to refuse a continuance for the absence of a witness where the party applying therefor does not detail the circumstances which caused the absence of the witness nor state any facts showing that he could procure the attendance of such witness at a subsequent term of court.

2. Criminal law—arrest of judgment—ground.—Under Crawford & Moses' Dig., § 3224, the only ground upon which the judgment in a criminal case may be arrested is that the facts stated in the indictment do not constitute a public offense within the jurisdiction of the court.

3. Criminal law—self incrimination—waiver of objection.—Objection that the accused was compelled to appear before the grand jury which indicted him for the purpose of being identified by the prosecuting witness cannot be raised for the first time after conviction.

4. Criminal law—newly-discovered evidence.—As a general rule, newly discovered evidence tending to impeach the credibility of a witness for the State is no ground for a new trial.

Appeal from Craighead Circuit Court, Jonesboro District; *G. E. Keck,* Judge; affirmed.

*Eugene Sloan,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

Hart, J. Frank Lewis prosecutes this appeal to reverse a judgment and sentence of conviction against him for the crime of selling intoxicating liquors in violation of our statute.

The first ground for the reversal of the judgment is that the court erred in refusing to grant his motion for a continuance. According to the allegations of his motion, the indictment was returned against the defendant at the November term, 1924, of the circuit court. Guy Thurman and Otto Snow were named on the indictment as the witnesses before the grand jury. At the same term of the court at which the indictment was returned, the defendant had a subpoena issued for Otto Snow. The case was not tried at that term on account of the failure

of the officers to serve the subpoena. Since that term of the court, the defendant has been trying to find Otto Snow in order to serve him with a subpoena in said cause, but has been unable to get definite information concerning his whereabouts. He has been informed that Otto Snow is working at some log camp in the State of Missouri near the Arkansas boundary line, and that he lives near Apt in Craighead County, Arkansas.

His motion for a continuance further states that Otto Snow would testify that he was not with the prosecuting witness at any time when he purchased intoxicating liquor from the defendant.

The court did not err in refusing to grant the motion for a continuance. The defendant did not detail the circumstances which caused the absence of the witness, and did not state any facts upon which the court could base a claim that he could procure the attendance of the witness at a subsequent term of the court. Under these circumstances it can not be said that the court abused its discretion in refusing to continue the case. *James* v. *State,* 225 Ark. 269; *Adkisson* v. *State,* 142 Ark. 15; and *Eddy* v. *State,* 165 Ark. 289.

The second ground upon which the defendant relies for a reversal of the judgment is that his motion in arrest of judgment should have been sustained.

Under § 3224 of Crawford & Moses' Digest, the only ground upon which a judgment shall be arrested is that the facts stated in the indictment do not constitute a public offense within the jurisdiction of the court.

It is not claimed that the language of the indictment does not sufficiently charge the offense for which the defendant was convicted. The sole reliance upon which the motion in arrest of judgment is sought to be sustained is that the defendant was compelled to appear before the grand jury which returned the indictment against him for the purpose of being identified by the prosecuting witness. The defendant did not at the time, or any time during the progress of the trial, interpose any objection, or seek any ruling of the court on account of this alleged error. It

is too late to insist upon it now; for it was waived by his failure to object to the proceeding at some appropriate time in the court below. *Hamilton* v. *State,* 62 Ark. 543; *Latourette* v. *State,* 91 Ark. 65; and *Dover* v. *State,* 165 Ark. 496.

The third ground relied upon for a reversal of the judgment is that the court erred in refusing to grant the defendant a new trial because of newly discovered evidence.

In support of his contention in this behalf the defendant cites *Bussey* v. *State,* 69 Ark. 545, and other cases where the court held it was error to refuse a new trial upon the ground of newly discovered evidence where the defendant was convicted mainly upon the testimony of the prosecuting witness, and where that witness made an affidavit after the trial in which she made a retraction of her testimony given at the trial. These cases have no application to the facts presented by the record in the case at bar. The newly discovered evidence only goes to the impeachment of the prosecuting witness by showing that he made statements to other persons inconsistent with his testimony at the trial. This court has repeatedly held that, as a general rule, newly discovered evidence tending only to impeach the credibility of a witness for the State is no ground for a new trial. *Jones* v. *State,* 72 Ark. 404; and *Morris* v. *State,* 145 Ark. 241.

There was no prejudicial error committed by the trial court, and the judgment will therefore be affirmed.