## WHITTAKER v. STATE.

## Opinion delivered May 9, 1927.

1. CRIMINAL LAW—REOPENING CASE FOR RE-EXAMINATION OF A WITNESS.—Under Crawford & Moses' Digest, § 4190, reopening a case for re-examination of witnesses or taking of further testimony after testimony on both sides has been concluded and cause has been submitted to jury is matter within discretion of trial court.

2. CRIMINAL LAW—DISCRETION AS TO REOPENING CASE.—Under Crawford & Moses' Digest, § 4190, the Supreme Court will not reverse the ruling of the trial court for the re-examination of a witness or for taking further testimony after case had been submitted to the jury, unless there appears to be an abuse of discretion.

3. CRIMINAL LAW—REOPENING CASE—ABUSE OF DISCRETION.—The trial court did not abuse its discretion in accepting the statement communicated to him by a deputy sheriff that a witness denied admission that his testimony in the case was untrue and in refusing defendant's request to reopen the cause for re-examination of the witness after the cause had been submitted to the jury.

4. CRIMINAL LAW—NEW TRIAL FOR NEWLY DISCOVERED EVIDENCE.—Generally, the Supreme Court will not reverse the ruling of the trial court in refusing a new trial on the ground of newly discovered evidence, where such evidence tends merely to impeach the credibility of the witness.

5. CRIMINAL LAW—NEWLY DISCOVERED EVIDENCE—IMPEACHMENT OF WITNESS.—Refusal of a new trial on the ground of newly-discovered evidence tending merely to impeach the credibility of a witness, *held* proper where the witness did not make an affidavit retracting his testimony at the trial, since the court was warranted in finding that he had not altered and would not alter his testimony.

6. INTOXICATING LIQUOR—EVIDENCE OF SALE.—Testimony of a witness to the effect that he and another talked to accused regarding liquor and paid him for some and later went and got the liquor was sufficient to justify a verdict finding the accused guilty of selling intoxicating liquor.

7. CRIMINAL LAW—ADMONITION TO JURY.—Where the record on appeal did not set forth the language of court's admonition to jury, the Supreme Court will presume that the trial court admonished the jury as required by law.

8. CRIMINAL LAW—HARMLESS ERROR.—A criminal cause will not be reversed where a ruling made by the trial court in defendant's absence could not possibly have resulted to his prejudice.

9.　CRIMINAL LAW—ADMONITION TO JURY IN ACCUSED'S ABSENCE.—The fact that the trial court admonished the jury after separation, while the accused was confined in jail, did not require a reversal of the judgment of conviction.

Appeal from Logan Circuit Court, Southern District; *J. O. Kincannon,* Judge; affirmed.

*John P. Roberts* and *Evans & Evans,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

WOOD, J. Ray Whittaker was indicted and put on trial in the Logan Circuit Court for the crime of selling intoxicating liquor. Paul Bean, a witness for the State, among other questions, was asked the following:

"Q. State to the jury whether or not you and Claude Suttles bought some liquor from Ray Whittaker about the 25th of last September? A. I never. Claude came to me and asked me if I wanted some liquor, and I told him I didn't know. We started up the street, and he stopped and talked to some guys. When we got through, he said, 'Let's go up the street,' and when he had gone a little way he asked me for $1.25, and I gave it to him. Q. Where did you go? A. Out the highway. Q. How far was it from town? A. About a mile. Q. How much did you buy? A. A pint, I think. Q. Was it in a jar? A. Yes sir. Q. What kind of a jar A. A fruit jar. Q. What was it? A. Whiskey."

Claude Suttles, a witness for the State, testifies that he and Paul Bean, on September 25, 1926, in Logan County, Arkansas, bought some liquor, but witness could not say they got it from Ray Whittaker. Witness and Paul Bean met in front of Harp's Garage, and Paul stated that he would like to have a drink. Witness saw Ray Whittaker, and went over and had a talk with him. Whittaker said he had some, and witness asked him what it was worth, and he said $2.50 per quart. "We paid him for it then." Later on they went out and got it, but witness didn't see Ray Whittaker any more. Witness and Paul Bean contributed $1.25 each to the purchase of the liquor. Witness didn't remember whether he or Paul turned the

money over to Ray Whittaker. The money was given Ray before they got the liquor. Witness was asked who had the liquor, and stated, "Paul"; that he had about a quart in a fruit jar. Witness and Paul were together when they gave Ray the money. Witness did not know which one gave him the money. Witness gave him $1.25. Paul did not give witness $1.25 to give Ray, and witness did not know from whom Bean got the liquor. Witness did not get it from Ray Whittaker. Bean said something first about buying the liquor.

The cause was submitted to the jury, under instructions to which the appellant made no objection. The jury returned a verdict finding the appellant guilty and assessing his punishment at imprisonment in the State Penitentiary for a period of one year. Judgment of sentence was entered in accordance with the verdict, from which is this appeal.

1. The fifth ground of the motion for new trial is as follows: "After the jury retired to consider of their verdict in this case, the State's witness, Bean, told Elmer Bryant that the testimony of said witness given in this trial was not true; that said witness did not go with the defendant and receive from defendant a quantity of whiskey or other intoxicating liquor, as testified to by said witness on the trial; that this was a frame-up against the defendant, and that the defendant was not guilty of the charge made against him. Elmer Bryant stated this matter to counsel for defendant while the jury was still out considering of their verdict, and the counsel for defendant immediately reported this fact to the court, and asked the court to reopen the case and permit the defendant to examine said witness Bean with reference to said matter and to introduce in evidence the statement of said witness Bean made to Elmer Bryant. This request was refused by the court, and defendant saved his exceptions. The court erred in refusing this request."

Learned counsel for the appellant insist that the above assignment of error is well taken, and that the

trial court erred in not granting the appellant a new trial for the reasons set forth in the above assignment.

The reopening of a case for the reexamination of a witness, or the taking of further testimony after the testimony on both sides has been concluded and the cause has been submitted to the jury, is a matter, under our statutes and decisions, within the sound discretion of the trial court, and this court will not reverse the ruling of the trial court unless it appears that the court, in making such ruling, has abused its discretion. Section 4190, C. & M. Digest; *Teel* v. *State,* 129 Ark. 180, 195 S. W. 32; *Smith* v. *State,* 162 Ark. 458, 258 S. W. 349. The record recites that the court, in refusing the request of the appellant to reopen the cause for the reexamination of the witness Bean, stated: ''That, while the court had not talked to the witness Bean, the deputy sheriff waiting upon the court had reported to the court that the witness Bean had stated to the deputy sheriff that he (Bean) had not made the statements to Bryant that had been reported to the court.'' While it would have been more appropriate for the trial judge to have interrogated the witness Bean to ascertain whether or not he denied that he had made the statement to Bryant as reported to the court, nevertheless the trial judge had the right to accept as true the statement of the deputy sheriff, who was the sworn officer of the court, to the effect that Bean had denied making the statement attributed to him by Bryant. The court did not abuse its discretion in accepting the statement communicated to him through the deputy sheriff as a denial of the statement of Bryant to the effect that Bean had stated that his testimony as a witness in the case was untrue. If the court had granted the appellant's request to reopen the case and to recall the witness Bean for reexamination, and Bean had adhered to his original statement, then nothing would have been gained, but, on the contrary, considerable time would have been lost in an endeavor to impeach witness Bean. If Bean had been recalled and had altered his testimony, he would have been guilty of perjury. There is nothing in the record

to show that, after the taking of the testimony was closed and the case was finally submitted to the jury, witness Bean was still in attendance on the court and that he was therefore readily accessible and could have been called without any considerable delay. As already stated, the deputy sheriff had informed the court that witness Bean denied that he had made the statement to Bryant which Bryant had reported to the court. All these were reasonable and cogent considerations which doubtless influenced the trial court in refusing the request of the appellant to reopen the case for the reexamination of Bean. In so ruling the court did not abuse its discretion. The assignment of error set up in appellant's fifth ground of the motion for a new trial is not well taken.

The appellant's sixth ground of the motion for a new trial was because of newly discovered evidence, as set forth in the fifth ground. The ground of the motion was supported by the affidavit of Bryant *et al.* as to the facts set forth in the fifth ground of the motion for a new trial. The only effect of the newly discovered evidence as set forth in the affidavit of Bryant would be the impeachment of the testimony of the witness Bean. It is the general rule of practice in this court not to reverse the ruling of the trial court in refusing a new trial on the ground of newly discovered evidence where such evidence tends merely to impeach the credibility of witnesses. *McMaster* v. *State,* 163 Ark. 194, 260 S. W. 45; *Lewis* v. *State,* 169 Ark. 340, 275 S. W. 663: *Hayes* v. *State,* 169 Ark 883, 277 S. W. 36; *Snetzer* v. *State,* 170 Ark. 175, 279 S. W. 9.

In the cases of *Bussey* v. *State,* 69 Ark. 545, 64 S. W. 268, and *Meyers* v. *State,* 111 Ark. 399, 163 S. W. 1177, L. R. A. 1915C, 302, Ann. Cas. 1916C, 933, we held that a new trial should be had upon the ground of newly discovered evidence. The prosecuting witness in those cases, without whose testimony there could not have been a conviction, made an affidavit retracting the testimony given at the trial. In the case at bar the witness Bean does not make an affidavit retracting his testimony at the trial, and the trial court was warranted in finding that he had

not altered and would not alter his testimony. Morever, we cannto concur with counsel for the appellant in the view that the witness Bean was the only witness in the case who testified to any facts that would warrant the conviction of the defendant. On the contrary, it occurs to us that the testimony of the witness Claude Suttles, which we have set out above, was amply sufficient of itself to justify the verdict. *Canaday* v. *State,* 169 Ark. 221, 275 S. W. 327. Therefore the cases of *Bussey* v. *State* and *Meyers* v. *State, supra,* cited by appellant, have no application. Likewise, for the same reason, the case of *Little* v. *State,* 161 Ark. 245, 255 S. W. 892, does not apply.

2.   The jury, not having reached a verdict on their first sitting, after the case was finally submitted to them, were permitted to separate several times under the *usual admonition of the court.* The record recites the following: "When the court convened on Tuesday morning, the jury in the case was called, and all of them having answered to their names in open court, the court sent them out to further consider of their duties, and instructed them as to their duty in connection therewith. At this time the defendant was not present in court, but was confined in jail. Counsel for defendant called the attention of the court to the fact that the jury had been instructed as to their duties and permitted to retire to consider of them while the defendant was in jail and not present in court and the defendant's counsel saved an exception to the action of the court in instructing the jury as to their duties and sending them out to consider thereof in the absence of the defendant and while the defendant was in custody in jail."

The statute provides:

"The jury, whether permitted to separate or kept in charge of officers, must be admonished by the court that it is their duty not to permit any one to speak to or communicate with them on any subject connected with the trial, and that all attempts to do so should be immediately reported by them to the court, and that they should not converse among themselves on any subject con-

nected with the trial, or form or express any opinion thereon until the cause is finally submitted to them. This admonition must be given or referred to by the court at each adjournment.''

The record does not set forth the language of the admonition the court gave the jury, and it must be presumed, in the absence of a showing to the contrary, that the court admonished the jury as required by law. The law requires that the defendant be present during the trial. Section 3136 of C. & M. Digest; also see art. 2, § 10, of the Constitution. In *Davidson* v. *State,* 108 Ark. 193-197, 158 S. W. 1103, we said: ''The language of the Constitution, 'to be heard by himself and his counsel,' is a guarantee that an accused shall have the privilege of being present in person and by counsel whenever any substantive step is taken by the court in his case. *Bearden* v. *State,* 44 Ark. 331. Chief Justice COCKRILL, speaking for the court in the case just cited, said: ''Under this rule it is not necessary that the accused shall show that he was actually prejudiced by the proceeding had in his absence. It is sufficient to annul the verdict against him if it appears that he may have lost an advantage or been prejudiced by reason of a step taken in his absence. The reason of the rule is to secure to the accused full facilities for defense. However, while he cannot be deprived of his right to be present at all stages of his trial, it does not follow that he must be. The statute provides that certain proceedings may be had in the absence of a defendant who absconds, or is on bail and absents himself. Where also no prejudice could by any possibility result from the action of the court, there is no reason for requiring the presence of the defendant.''

It has been the uniform practice of this court to reverse convictions in felony cases where any ruling of the trial court was made during the progress of the trial when a substantive step was being taken, the accused not being present, calculated to prejudice his rights in his absence. In such cases, as stated in *Bearden* v. *State,*

above, "it is not necessary for the accused to show that he was actually prejudiced by the ruling in his absence." Some of the earlier cases are *Sneed* v. *State,* 5 Ark. 431, 41 Am. Dec. 102; *Cole* v. *State,* 10 Ark. 318 (5 English); *Brown* v. *State,* 24 Ark. 620. See also *Kinnemer* v. *State,* 66 Ark. 206, 49 S. W. 815; *Pearson* v. *State,* 119 Ark. 152, 178 S. W. 914. But we have also uniformly held that a cause will not be reversed where a ruling is made by the trial court in the absence of the defendant that could not by any possibility result to his prejudice. As is said in *Mabry* v. *State,* 50 Ark. 492, 8 S. W. 823:

"We do not depart from the rule that the probability of prejudice by an order made in the absence of a defendant prosecuted for a felony is all that need be shown to reverse a judgment of conviction, but adhere to its corollary, that we will not reverse for that cause when it is plain the defendant has lost no advantage by his absence." See also *Polk* v. *State,* 45 Ark. 165-168. Assuming, as we must do in the absence of any showing to the contrary, that the trial judge admonished the jury as the law requires, such admonition could not have resulted in any prejudice to the appellant, but was solely to protect the purity and integrity of the trial, and must have been for appellant's benefit. The appellant therefore lost no advantage by his absence, and the trial court did not err in so holding.

We find no reversible error in the record, and the judgment is therefore affirmed.