Charles ROLARK *v.* STATE of Arkansas

CR 88-209                                    772 S.W.2d 588

Supreme Court of Arkansas
Opinion delivered June 26, 1989

*David W. Malaby, Jr.,* for appellant.

*Steve Clark,* Att'y Gen., by: *Kay J. Jackson Demailly,* for appellee.

DAVID NEWBERN, Justice. Charles Rolark, the appellant, was convicted, after a jury trial, of aggravated robbery and theft

of property valued over $2500. He was sentenced to imprisonment for 50 years for aggravated robbery and ten years for theft. He raises three points of appeal. He contends the prosecution should not have been allowed to recall the victim to the witness stand during the state's case in chief. We find no error because the court did not abuse its discretion in allowing the victim to be recalled. He also contends his sentence should not have been enhanced in accordance with the habitual offender statute because the three prior felony convictions cited were all a part of one continuing course of conduct and he was placed on probation. We agree with the trial court's determination that the three convictions were for separate offenses, and thus no error was committed in allowing them to be used in determining the applicability of the habitual offender statute despite Rolark's having been placed on probation. Finally, he argues the theft of property was part of his continuous course of conduct in committing the aggravated robbery, and thus he should have been convicted of only one offense. We hold that theft and aggravated robbery are separate offenses for which a defendant may be convicted even though they arise out of one incident. The conviction is affirmed.

The evidence of Rolark's guilt was overwhelming. Testimony showed that Rolark entered the "Cuff and Collar" clothing store in Texarkana. He accosted the sales clerk with a knife and forced her into the bathroom where he straddled her and demanded her jewelry which she gave to him. She was wearing rings worth approximately $13,000. He then stabbed her nine times and cut her throat with the knife. The victim survived and identified Rolark as her assailant.

Rolark was arrested the day following the incident and confessed to the crimes. At the trial two pawn brokers testified they pawned rings for Rolark who presented his driver's license to them as identification.

### 1. Recall of witness

After the victim had testified, the prosecution played for the jury a tape recording of Rolark's statement to the police in which he said he stabbed the victim after she had called him a name which amounted to a racial slur and spat on him. The prosecution then recalled the victim to the stand over Rolark's objection. She denied having used the racial epithet, and she denied having spat

on Rolark.

Rolark's brief acknowledges that Ark. Code Ann. § 16-43-703 (1987) gives the trial court the authority to permit the recall of a witness and that we will not reverse the judge's decision to do so unless an abuse of discretion is shown. *Holmes v. State*, 257 Ark. 871, 520 S.W.2d 715 (1975); *Whittaker v. State*, 173 Ark. 1172, 294 S.W. 397 (1927). He contends it was an abuse of discretion to allow the victim to be recalled after she had been allowed to remain in the courtroom during the playing of the tape recorded confession. He also contends the state knew what was in the confession and could have examined the victim about it while she was on the witness stand earlier. He argues he was thus denied a fair trial and due process.

Rolark does not argue that the victim had no right to be in the courtroom during the playing of his statement. His abstract of the record shows that there was a motion, presumably made by the prosecution, to allow the victim to remain in the court, but it does not show whether the motion was granted or denied. There was no unfair prejudice in allowing the victim to be recalled after she had heard Rolark's statement. As he says, his statement was not a secret, and she could have been asked questions about it earlier. The same contradictions would have been achieved either way.

The abstract shows that the only objection made to the prosecution recalling the victim was that it was not proper to allow "rebuttal" because the defense had not put on its case. The court correctly observed that the prosecution was not putting the victim back on the stand for the purpose of rebuttal, and allowed her to be recalled specifically to impeach the statement of the defendant. No due process argument was made to the trial court, and we will not consider even a constitutional argument for the first time on appeal. *Rowe v. State*, 271 Ark. 20, 607 S.W.2d 657 (1980); *Shepherd v. State*, 270 Ark. 457, 605 S.W.2d 414 (1980).

While the question of the admissibility of the victim's testimony for the purpose of impeaching part of the statement of a defendant presented by the state would have been new to this court, we need not decide it here because it is not argued. Even if the testimony had been inadmissible and had been objected to on

that basis, we would not reverse on the point, as it is wholly collateral to the issue of Rolark's guilt or innocence, and the evidence of guilt was, again, overwhelming. *Snell* v. *State*, 290 Ark. 503, 721 S.W.2d 628 (1986); *Novak* v. *State*, 287 Ark. 271, 698 S.W.2d 499 (1985).

### 2. Prior convictions

### a. Continuing conduct

The three prior convictions used to enhance Rolark's sentence for aggravated robbery and thus sentence him to 50 years imprisonment rather than the ten to 40 years authorized for the offense, were for three instances of breaking and entering. These were vending machine break-ins, two of which occurred on October 1, and the third early on the morning of October 2, 1986. Rolark argues these convictions resulted from a continuing course of conduct which should only amount to one conviction for enhancement purposes.

As the state argued to the trial court and argues in its brief here, the records of the three convictions show that they occurred in different places although they were close to each other in time. They were three separate offenses. In *Tarry* v. *State*, 289 Ark. 193, 710 S.W.2d 202 (1986), a case we reversed on another ground, we were faced with a similar argument. Although our response was *obiter dictum*, we regard it as dispositive of the argument here. Justice George Rose Smith, writing for the court, pointed out that the criminal code, Ark. Stat. Ann. § 41-105(1)(e) (Repl. 1977), which is now codified as Ark. Code Ann. § 5-1-110(a) (1987), provides that "when the 'same conduct' of the defendant may establish the commission of more than one offense, the defendant may be prosecuted for each offense." He wrote further that:

> [t]he Commentary explains that the same conduct is intended to connote the same criminal transaction. The defendant may not be convicted of more than one offense if the conduct constitutes an offense defined as a continuing course of conduct. The Commentary explains that a continuing offense is one such as nonsupport or promoting prostitution. [289 Ark. at 193, 710 S.W.2d at 203]

*See also Rowe* v. *State, supra.*

Three break-ins occurring close together in time are not continuous in the sense that nonsupport or promoting prostitution are. By contrast, each offense has a beginning and an end after a short duration, whereas nonsupport, for example, is not a single act of short duration separate from each subsequent failure to pay support. Nor is this case like *Tackett* v. *State,* 298 Ark. 20, 766 S.W.2d 410 (1989), in which we were confronted with a single act which resulted in several crimes and where we held that the definition of "habitual" should not include a single act.

■ We hold that breaking and entering at three separate locations constitutes three separate offenses for the purpose of showing that a defendant has been convicted of more than one but less than four felonies and thus should have his sentence enhanced in accordance with Ark. Code Ann. § 5-4-501(a) (1987).

### b. Probation

■ Rolark also argues that, because his previous convictions resulted in his having received probation they should not be counted for enhancement purposes. He has cited no authority for this argument, and we are aware of none. We do not regard the argument as convincing. The fact that he was granted probation on the prior convictions does not lessen the fact that they were convictions, and that is the criterion of § 5-4-501(a).

### 3. Aggravated robbery and theft as continuous conduct

As his final point, Rolark argues that the aggravated robbery and the theft of property in this case were parts of the same continuous course of conduct and thus he should have been convicted of no more than one offense. He contends that the impulse to steal was part of the robbery and he had no intent to commit two offenses.

■ Theft is not a lesser offense included in aggravated robbery. *Thompson* v. *State,* 284 Ark. 403, 682 S.W.2d 742 (1985). They are two separate offenses. Aggravated robbery was committed when Rolark used force with the purpose of committing theft. Ark. Code Ann. § 5-12-103 (1987). Theft was not committed until he took the victim's property. Ark. Code Ann. § 5-36-106 (1987). Nor were these two offenses parts of, as explained above, a continuing course of conduct like nonsupport.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. Aggravated robbery cannot be committed without theft of property. Theft of the object of the robbery is an integral part of the offense. The majority opinion takes another step in its effort to create as many crimes as possible out of the same criminal act. This court should not attempt to assist the legislature in creating more criminal statutes. There are too many laws already. It should be the function of this court to see that those laws already on the books are enforced fairly and justly. If the purpose is to get another conviction out of this one incident, it could have been accomplished by charging the appellant with assault in the first degree because that separate crime was clearly committed in addition to the act of armed robbery.

Another mistake made by the majority is its approval of the practice of allowing the state to abide only by the rules it chooses. I refer to the incident where the victim was allowed to testify and then remain in the courtroom while the prosecution played a confession tape to the jury. The victim was then called back to the stand and contradicted the taped testimony of the appellant. The witness had remained in the courtroom with the full knowledge and consent of the prosecution. It is not contended that the prosecutor was not aware that the statements which the victim was called to rebut were going to be presented. There was no surprise at all.

The majority relies on Ark. Code Ann. § 16-43-703 (1987), for the authority of a trial judge to allow a witness to be recalled at any point in the proceedings. That is not what the code permits. The majority opinion cites *Holmes* v. *State*, 257 Ark. 871, 520 S.W.2d 715 (1975), and *Whittaker* v. *State*, 173 Ark. 1172, 294 S.W. 397 (1927). The *Holmes* case simply held that it was not error to permit a witness to be recalled to the stand. There is nothing in the opinion which indicates that the witness was called other than in a proper and orderly rebuttal. Furthermore, the court sustained the defense objection to all of the additional testimony of the recalled witness. The *Whittaker* case is even less on point because it involved the refusal of the trial judge to allow the reopening of the case to receive the testimony of a witness

after the case had been submitted to the jury. Since the witness was not allowed to testify and this court affirmed the decision of the trial court, I do not see that it stands in support of the majority opinion at all.

I don't care what nice name you use in dismantling the normal court procedure; it amounts to destruction of well established rules which have proven effective over the years. The witness in the present case was obviously called to rebut the recorded testimony of the appellant as soon as the tape had been played in order to enhance her persuasive power with the jury. It does not matter that it was not labeled as rebuttal testimony. The majority pretends not to rule on this issue because it was not properly preserved. Nevertheless, the next time it comes up it could be in a case where the prosecution presents its own case and then a part of the defendant's case and then rebuts it before the defense is allowed to proceed at all. The rules of procedure deserve more respect than this.

The bench and bar of this state deserve the right to know the rules of criminal procedure and how to conduct a trial. The haphazard manner in which the state presented the testimony of the witness in rebuttal is but a prelude to what may happen next. For the sake of order and uniformity we ought to let it be known here and now that it is not permissible to allow a witness to testify before the jury, remain in the courtroom while other testimony is presented, and then be recalled to rebut contradictory testimony, whether the witness be for the plaintiff or the defendant.