Bryan Keith RICKS *v.* STATE of Arkansas

CR 96-973                                940 S.W.2d 422

Supreme Court of Arkansas
Opinion delivered March 10, 1997

*Jerome J. Paddock*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Bryan Keith Ricks was convicted of four counts of rape. Ark. Code Ann. § 5-14-103 (Repl. 1993). He was sentenced to life imprisonment without parole. The victim testified that Mr. Ricks came into her apartment while she was sleeping. She awakened to find him on top of her. During a period lasting almost two hours he penetrated her genitalia with his penis on more than one occasion, although he could not complete the act due to his inability to achieve an erection. He also penetrated her vaginal labia with his tongue and with his fingers and penetrated her mouth with his penis.

■ Mr. Ricks does not challenge the sufficiency of the evidence but argues three of the four counts should have been dismissed because all of the penetrations resulted from a single impulse. He also contends there has been a violation of his right to due process of law as the result of a conflict between the statute providing for jury sentencing and the statute providing a mandatory sentence of life without parole for an habitual offender convicted of rape. We find no error and affirm.

### 1. Multiple counts

Mr. Ricks contends there was only one continuing act, and thus there should have been a conviction on only one count of rape. To constitute a continuing offense, there must be a continuous act or series of acts set on foot by a single impulse and operated by an unintermittent force. *Britt v. State*, 261 Ark. 488, 549 S.W.2d 84 (1977). Mr. Ricks argues that the acts charged were not sufficiently separated in time to have been the products of more than one impulse but comprised a continuing course of conduct. He argues his one impulse was "sexual activity" and that the acts which occurred were merely the products of that impulse.

Arkansas Code Ann. § 5-1-110 (Supp. 1995) provides in part:

> (a) When the same conduct of a defendant may establish the commission of more than one (1) offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one (1) offense if:
>
> * * *
>
> (5) The conduct constitutes an offense defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that specific periods of such conduct constitute separate offenses.

■ When the impulse is single, only one charge lies, no matter how long the act may continue. If there are successive impulses, even though all unite in a common course of action, separate charges lie, and the test is whether the prohibition is of the individual acts or the course of action they constitute. If the

former, each act is punished separately; if the latter, there can be but one penalty. *Rowe v. State*, 271 Ark. 20, 607 S.W.2d 657 (1980), *cert. denied* 450 U.S. 1043 (1981); *Britt v. State, supra.*

Examples we have given of continuing offenses include offenses such as nonsupport and promotion of prostitution. *See Rolark v. State*, 299 Ark. 299, 772 S.W.2d 588 (1989). The essence of rape, whether by deviate sexual acts [§ 5-14-101(1)] or by sexual intercourse [§ 5-14-101(9)], is penetration. In *Tarry v. State*, 289 Ark. 193, 710 S.W.2d 202 (1986), we rejected the argument that rape, consisting of more than one penetration, is a continuing offense. There, the evidence was that the nocturnal intruder into the victim's bedroom was unable to obtain an erection. He penetrated the victim with his fingers, went to the bathroom and then returned to penetrate her with his penis. Discussing the propriety of the conviction on two counts of rape resulting from that episode, we said:

> Rape is not defined as a continuing offense. It may consist of engaging in sexual intercourse or deviate sexual activity with another person by forcible compulsion. [Citation omitted] Rape is a single crime that may be committed in either of two ways. *Cokeley v. State*, 288 Ark. 349, 705 S.W.2d 425 (1985). Here the prosecutrix testified that she had been raped in two different ways, and the jury so found by separate verdicts. There was not a continuing offense, for the two acts of rape were of a different nature and were separated in point of time. A separate impulse was necessary for the commission of each offense. There were two offenses. *See Rowe v. State*, 271 Ark. 20, 607 S.W.2d 657 (1980), cert. denied, 450 U.S. 1043 (1981).

Mr. Ricks contends the rationale thus expressed is not controlling because his acts were not separated in time. His argument ignores the victim's testimony that, in the course of Mr. Ricks's ten or more attempts to engage her in intercourse, both on the bed and on the floor, they "took a break" when he went to the bathroom, dragging her with him by her neck. It also ignores the three different means by which he penetrated the victim.

Although the *Tarry* decision emphasized the distinction between rape by sexual intercourse and rape by deviate sexual activity, both proscribed by § 5-14-103, the holding is expanded

very little, if any, by our conclusion in this case that if separate penetrations occur as the results of separate impulses, whether accomplished in separate ways or repeated in the same manner, each constitutes an offense. We cannot say it was error in this case to allow the jury to find Mr. Ricks guilty of each of the four offenses charged.

### 2. The sentence

Although he mentions the Fifth and Fourteenth Amendments to the United States Constitution, Mr. Ricks cites no case authority whatever for his argument that he was deprived of due process of law as the result of the sentence imposed. He cites Ark. Code Ann. § 5-4-103(a) (Repl. 1993) which provides that a jury is to fix the punishment of one found guilty of a felony. He argues § 5-4-103(a) conflicts with Ark. Code Ann. § 5-4-501 (Supp. 1995) which requires that one who has previously been convicted of two or more violent felonies and who is then convicted of rape is to be sentenced to life imprisonment without parole. The contention is that the power of the jury to fix punishment conferred by the first statute is taken away by the second one.

The argument ignores further language of § 5-4-103(a) which states that the jury is to fix punishment "as authorized by this chapter," meaning Chapter 4 of Title 5. There is no conflict. Nor is there a constitutional right to be sentenced by a jury. *Spaziano v. Florida*, 468 U.S. 447 (1984); *Scherrer v. State*, 294 Ark. 227, 742 S.W.2d 877 (1988).

### 3. Rule 4-3(h)

The record of trial has been examined for error in rulings by the Trial Court which were adverse to Mr. Ricks. None have been found.

Affirmed.