SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CV-14-583

| | |
|---|---|
| ANTHONY WHITE<br><br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** March 5, 2015<br><br>PRO SE APPEAL FROM THE<br>LINCOLN COUNTY CIRCUIT COURT<br>[NO. 40CV-14-4]<br><br>HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br>AFFIRMED. |

**PER CURIAM**

In 2014, appellant Anthony White filed a petition for writ of habeas corpus in the circuit court of the county where he was incarcerated.[1] In the petition, appellant challenged a 2006 judgment that reflected his jury convictions for possession of cocaine, simultaneous possession of drugs and firearms, and possession of a firearm by a felon. The judgment also reflected that the jury sentenced appellant as a habitual offender to consecutive sentences of 240 months' imprisonment, 720 months' imprisonment, and 360 months' imprisonment, respectively, for an aggregate sentence of 1320 months' imprisonment in the Arkansas Department of Correction. Appellant asserted two grounds for the writ that were based on allegations of double-jeopardy violations resulting from the convictions for possession of cocaine and simultaneous possession of drugs and firearms. The circuit court found that the claims were not cognizable in a petition for the writ and dismissed the petition. This appeal followed.

A circuit court's denial of habeas relief will not be reversed unless the court's findings are

---

[1]As of the date of this opinion, appellant remains incarcerated in Lincoln County.

clearly erroneous. *Henderson v. State*, 2014 Ark. 180 (per curiam). On appeal, appellant combines and reasserts his two arguments for double-jeopardy violations and contends that the circuit court erred in denying relief on the claims. We hold that the circuit court did not err in denying relief and affirm.

Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006). The burden is on the petitioner in proceedings for a writ of habeas corpus to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Arnett v. Hobbs*, 2014 Ark. 540 (per curiam).

Some claims of double jeopardy are cognizable in a habeas proceeding. *Murphy v. State*, 2013 Ark. 155 (per curiam). But, where a double-jeopardy claim does not allege that, on the face of the commitment order, there was an illegal sentence imposed on a conviction, the claim does not implicate the jurisdiction of the court to hear the case, and the claim is not one cognizable in a habeas-corpus proceeding. *Id.* Appellant alleged an illegal sentence, but his claims nevertheless fail.

Appellant first alleged in his petition that the convictions for possession and simultaneous possession violated double jeopardy because the jury had acquitted him of possession with intent to deliver cocaine when it returned the conviction on the lesser-included offense of possession

of cocaine. He contended that the possession-with-intent-to-deliver conviction was necessary as an underlying element of the simultaneous-possession charge, and he also asserted that the underlying felony must be a Class Y felony in order to support the Class Y simultaneous-possession charge. He further contended that the jury could not, after it acquitted him on the possession-with-intent-to-deliver charge, convict him of the simultaneous-possession charge based on possession of the same drugs. In his second ground for the writ, appellant also alleged that the simultaneous-possession conviction could not stand because it contained all of the elements in the simple-possession conviction.

Appellant's first claim for relief is at odds with the language of the statute defining the crime of simultaneous possession as in effect when he committed the crime. Under our criminal code, the governing statute is that which is in effect at the time the crime was committed. *Cody v. State*, 326 Ark. 85, 929 S.W.2d 159 (1996). The judgment reflects that the offense date was September 4, 2005, so the applicable version of the simultaneous-possession statute was Arkansas Code Annotated section 5-74-106 (Repl. 2005), which states that "no person shall unlawfully commit a felony violation of § 5-64-401" while in possession of a firearm. Ark. Code Ann. § 5-74-106(a). There was no restriction on the level of the offense under section 5-64-401 noted in the statute.[2] The statute also makes no distinction between those committing a violation of section 5-64-401(c) for simple possession of a controlled substance and those committing a violation of section 5-64-401(a) for possession with intent to deliver a controlled

---

[2]The current version of section 5-74-106 requires that the violation of sections 5-64-419 through 5-64-442 of the Code must be a felony in order to trigger application of the simultaneous-possession statute. It does not require the violation to be a Class Y felony.

substance.

The first rule of statutory construction is to construe a statue just as it reads, giving the words their ordinary and usually accepted meaning. *State v. Thomas*, 2014 Ark. 362, 439 S.W.3d 690. We construe criminal statutes strictly, resolving any doubts in favor of the defendant. *Hart v. State*, 2014 Ark. 250. We also adhere to the basic rule of statutory construction, which is to give effect to the intent of the legislature. *Id.* If the language of the statute is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory interpretation. *Id.* The language of section 5-74-106 concerning appellant's first argument is plain and unambiguous in that any violation of section 5-64-401, whatever its class or under any of its provisions, was sufficient to trigger application of the simultaneous-possession statute.

Appellant's second ground for the writ also fails because, as this court has previously held, the legislature intended for the two offenses to be separate offenses, although the same conduct violates the two provisions. *See Rowbottom v. State*, 341 Ark. 33, 13 S.W.3d 904 (2000). The General Assembly has made it clear that it wishes to assess an additional penalty for simultaneous possession of controlled substances and a firearm over those penalties imposed in the referenced drug-possession statutes, and there is no double-jeopardy violation for convictions on both a simultaneous-possession charge and a possession charge, even though a violation of section 5-64-401 is a lesser-included offense of the simultaneous-possession offense. *See id.*

While appellant's claims of a double-jeopardy violation alleged facts that may support a

claim that there was an illegal sentence imposed on the face of the commitment order, this court has previously considered appellant's argument in a similar case and found no double-jeopardy violation. Applying the same analysis used in *Rowbottom* to the facts in this case, we hold that there was no double-jeopardy violation in appellant's convictions on the charge of simultaneous possession of a controlled substance and a firearm and the charge of possession of a controlled substance. Because the two convictions did not impose an illegal sentence, the circuit court did not err in denying relief and dismissing appellant's petition for the writ. This court may affirm the circuit court if it reached the right decision albeit for the wrong reason. *Smith v. State*, 2014 Ark. 204; *see also Nalls v. State*, 2014 Ark. 434, 445 S.W.3d 509 (per curiam).

Affirmed.

*Anthony White*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Nicana C. Sherman*, Ass't Att'y Gen., for appellee.