--------
KENNETH S. HIXSON, Judge *560 Appellant Latasha Kay Schoolfield brings this interlocutory appeal after the Craighead County Circuit Court, Eastern District (Eastern District), denied her motion to dismiss. In summary, appellant was tried and acquitted on one count of rape filed in the Craighead County Circuit Court, Western District (Western District). After the acquittal, appellant was charged in the Eastern District with several counts of raping the same victim. Appellant filed a motion to dismiss generally contending that new rape charges were barred because they were required to be tried together under Rule 21.3 of the Arkansas Rules of Criminal Procedure. The circuit court denied the motion to dismiss.
On appeal, appellant makes two arguments. First, she argues that the circuit court erred in denying her motion to dismiss because the charges filed in the second prosecution in the Eastern District are for "the same offense and the same 'continuing course of conduct' " in violation of her right to be free from double jeopardy under the Fifth Amendment to the United States Constitution. Second, she argues that the second prosecution is barred because the Eastern District charges are "related charges" and were required to be tried together with the Western District charge pursuant to Rule 21.3 of the Arkansas Rules of Criminal Procedure. We affirm.
I. Factual Summary
Appellant was initially charged with one count of rape in case No. 16JCR-16-956 in the Western District. The information specifically alleged that on or about August 30, 2016, appellant engaged in sexual intercourse or deviate sexual activity with another person who is less than fourteen years old constituting the offense of rape, a Class Y felony, in violation of Arkansas Code Annotated section 5-14-103 (Repl. 2013). This offense allegedly occurred at a Motel 6 in Jonesboro, Arkansas; hence, jurisdiction and venue were proper in the Western District. During the jury trial held in February 2017 in the Western District, in addition to presenting evidence of the rape that allegedly occurred at the Motel 6 in Jonesboro, the State elicited testimony that appellant had sexual intercourse three or four times after August 30, 2016, with the same victim at the victim's home in Caraway, Arkansas. Ultimately, the jury acquitted appellant of the rape that was alleged to have occurred at the Motel 6 in Jonesboro.
Subsequently, on April 3, 2017, the State charged appellant with four separate counts of rape in case No. 16LCR-17-12 in the Eastern District. It was alleged that between August 31 and September 15, 2016, appellant engaged in sexual intercourse or deviate sexual activity with another person who is less than fourteen years old constituting the offense of rape, a Class Y felony, in violation of Arkansas Code Annotated section 5-14-103. These charges stemmed from the allegations that appellant had engaged in sexual intercourse on multiple occasions with the victim at the victim's home in Caraway, Arkansas, which is located in the Eastern District.
On August 10, 2017, appellant filed a motion to dismiss the information in the Eastern District. She argued that her "motion to dismiss for failure to join all related charges should be granted because [she] already was put in jeopardy on all charges in the February 2017 [Western District] trial, and to deny this motion would allow the State to manipulate the system and get another bite at the apple in violation of due process." The State disagreed and responded, and the circuit court denied appellant's *561 motion to dismiss. This interlocutory appeal followed.
II. Double-Jeopardy Analysis
Our appellate courts have long recognized the right to an immediate interlocutory appeal from the denial of a motion to dismiss on double-jeopardy grounds. Green v. State , 2011 Ark. 92, 380 S.W.3d 368 ; McClendon v. State , 2017 Ark. App. 295, 523 S.W.3d 374. We review a circuit court's denial of a motion to dismiss on double-jeopardy grounds de novo on appeal. Cox v. State , 2012 Ark. App. 499, 423 S.W.3d 131. When the analysis presents itself as a mixed question of law and fact, the factual determinations made by the circuit court are given due deference and are not reversed unless clearly erroneous. Id. However, the ultimate decision by the circuit court that the defendant's protection against double jeopardy was not violated is reviewed de novo with no deference given to the circuit court's determination. Id.
The Fifth Amendment to the United States Constitution requires that no person be twice put in jeopardy of life or liberty for the same offense.[1] The Double Jeopardy Clause protects criminal defendants from (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. Green , 2011 Ark. 92, 380 S.W.3d 368. Appellant first argues on appeal that the circuit court erred in denying her motion to dismiss because the charges filed in the second prosecution in the Eastern District are for the same offense and the same continuing course of conduct in violation of her right to be free from double jeopardy under the Fifth Amendment to the United States Constitution.[2] However, appellant is mistaken.
Our supreme court has made it clear that rape is not a continuing offense, in that each act occurring as the result of a separate impulse constitutes a separate offense. Ricks v. State , 327 Ark. 513, 940 S.W.2d 422 (1997) ; see also Bean v. State , 2012 Ark. App. 643. Here, although the victim is the same, the alleged rape in the Western District occurred on August 30, 2016, in the Motel 6 in Jonesboro. The alleged rapes in the Eastern District occurred between August 31 and September 15, 2016, at the victim's residence in Caraway, Arkansas. Therefore, because each charge was the result of a separate impulse separated in point of time, the charges were not for the same continuing offense, and appellant was properly charged with separate offenses. See Tarry v. State , 289 Ark. 193, 710 S.W.2d 202 (1986). As such, we hold that the second trial in the Eastern District does not violate the appellant's Fifth Amendment right against double jeopardy.
*562 III. Arkansas-Rule-of-Criminal-Procedure-21.3 Analysis
Appellant next argues that the circuit court should have granted her motion to dismiss because the rape charge in the Western District and the rape charges in the Eastern District were "related charges" and were required to be tried together pursuant to Rule 21.3 of the Arkansas Rules of Criminal Procedure. In support of her argument that Rule 21.3 prohibits a second trial, appellant contends that the alleged rape that occurred in Jonesboro and the alleged rapes that occurred in Caraway are within the jurisdiction and venue of the same court-the circuit court of Craighead County. This argument is, however, without merit.
Rule 21.3 has its basis in the Double Jeopardy Clause and provides the following in pertinent part:
(a) Two (2) or more offenses are related offenses for the purposes of this rule if they are within the jurisdiction and venue of the same court and are based on the same conduct or arise from the same criminal episode.
(c) A defendant who has been tried for one (1) offense may thereafter move to dismiss a charge for a related offense, unless a motion for joinder of these offenses was previously denied or the right of joinder was waived as provided in subsection (b). The motion to dismiss must be made prior to the second trial, and shall be granted unless the court determines that because the prosecuting attorney did not have sufficient evidence to warrant trying this offense at the time of the first trial, or for some other reason, the ends of justice would be defeated if the motion were granted.
Appellant's argument fails here because it does not satisfy the first requirement-the offenses must be within the jurisdiction and venue of the same court. On a cursory examination, it may appear that appellant is correct. The first alleged rape occurred in Jonesboro, and the subsequent alleged rapes occurred in Caraway. Both cities are in Craighead County, and therefore, the circuit court of Craighead County would appear to have jurisdiction over all the offenses pursuant to Arkansas Code Annotated section 16-88-105(b), which states that "[t]he local jurisdiction of circuit courts shall be of offenses committed within the respective counties in which they are held." However, in 1883, the General Assembly divided Craighead County into two judicial districts, see Potter v. State , 42 Ark. 29 (1883), and established the Jonesboro District (now the Western District) and the Lake City District (now the Eastern District) of Craighead County:
That in order to ascertain in which of the respective Districts in said county actions cognizable in the Circuit Court shall be returnable and tried, the said Districts for all the purposes of this Act shall be considered as separate and distinct counties, and the mode and place for trying suits shall be determined by the general law applicable to different counties[.]
Act of Mar. 6, 1983, No. 61, § 61, 1883 Ark. Acts 90, at 92.
Therefore, the requisite inquiry for purposes of Rule 21.3 is not whether the offenses were committed in Craighead County but whether the offenses were *563 committed in the same separate judicial district of Craighead County. The offenses at issue here were alleged to have been committed entirely within each of the respective districts because rape is not a continuing offense. See Ricks , 327 Ark. at 515, 940 S.W.2d at 423 (1997) ; Bean, supra . The alleged rape that occurred in Jonesboro was committed in the Western District, and the alleged rapes that occurred in Caraway were committed in the Eastern District. Therefore, because the Eastern and Western Districts are required to operate by law as separate and distinct counties, the Western District had venue and jurisdiction over the offense that was alleged to have been committed on August 30, 2016, in Jonesboro, Arkansas, and the Eastern District had venue and jurisdiction over the offenses that were alleged to have been committed on or around August 31 to September 15, 2016, in Caraway, Arkansas. See Elzea v. Perry , 340 Ark. 588, 12 S.W.3d 213 (2000) ; Evans v. State , 177 Ark. 1076, 9 S.W.2d 320 (1928). Thus, because the offenses charged in the second prosecution did not occur within the same jurisdiction and venue of the initial prosecution, the offenses are not "related offenses," and Rule 21.3 does not require dismissal.
Affirmed.
Although appellant's motion to dismiss was predicated on a violation of Arkansas Rule of Criminal Procedure 21.3, her motion also contained peripheral language invoking the prohibition against double jeopardy. Appellant's first point on appeal before this court is directed at her Fifth Amendment right to be free from double jeopardy. Because it may be argued that appellant's motion to dismiss inferentially invoked the prohibition against double jeopardy under the Fifth Amendment, we address the merits of her argument on appeal.
The State footnotes in its brief that it amended the information in the second case in the Eastern District after the circuit court denied appellant's motion to dismiss but before the filing of her notice of appeal. The amended information charges appellant with four counts of sexual assault in the second degree and one count of sexually grooming a child instead of four counts of rape. Because the parties do not develop this issue, in this opinion, we address only the arguments as set forth in the briefs on appeal.