Cite as 2020 Ark. 61

# SUPREME COURT OF ARKANSAS

No. CV-19-636

|  |  |
|---|---|
| ABDUL MAALIK MUHAMMAD<br><br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br><br>APPELLEE | Opinion Delivered February 13, 2020<br><br>PRO SE APPEAL FROM THE<br>JEFFERSON COUNTY CIRCUIT<br>COURT<br>[NO. 35CV-19-116]<br><br>HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br>AFFIRMED. |

## JOSEPHINE LINKER HART, Justice

Appellant Abdul Maalik Muhammad appeals from an order of the Jefferson County Circuit Court dismissing his pro se petition for writ of habeas corpus. The circuit court found that Muhammad's petition was defective because he had failed to attach a copy of his judgment and commitment order or provide a legal excuse for the omission. The circuit court further found that "[t]he petitioner's claim is without merit; therefore, attaching a copy of the order would be futile."

On appeal, Muhammad argues that (1) the habeas court abused its discretion in finding that the trial court had jurisdiction to try and sentence appellant even though he had sworn allegiance to the Islamic Emirate of the Caucasus; (2) the United Nations Charter regarding the use of violence to wage wars of liberation apply to domestic U.S. courts; and (3) the fact that petitioner has engaged in acts supporting the aims of the Caucasus Emirate makes him a prisoner of war subject to the structures of the Geneva Convention rather than the jurisdiction of the domestic U.S. courts. We affirm.

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

The circuit court did not err in dismissing Muhammad's petition. Under our habeas statute, Muhammad was obligated to attach a copy of his judgment and conviction order. Ark. Code Ann. § 16-112-103(b) (Repl. 2016). The statute provides:

> If the restraint or confinement is by virtue of any warrant, order, or process, a copy thereof must accompany the petition, or it must appear by affidavit annexed thereto, showing that by reason of the person being concealed before the application, a demand of the copy could not be made, or that the demand was made of the person by whom the prisoner is confined or restrained, and a copy refused.

*Id.* § 16-112-103(d). The record reflects that Muhammad's habeas petition lacked the judgment and commitment order from his criminal conviction. He failed to justify this omission in his filing in the circuit court. On appeal, Muhammad has failed to address the reason for the circuit court's dismissal of his petition. Having affirmed the circuit court's dismissal of Muhammad's habeas petition for failure to comply with the requirements of section 16-112-103(b), we need not address the merits of his arguments. As a general rule, this court will not review issues that are moot because to do so would be to render an advisory opinion, which this court will not do. *Griffin v. Alexander*, 2017 Ark. 235.

Affirmed.

*Abdul M. Muhammad*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.