Cite as 2024 Ark. 48

# SUPREME COURT OF ARKANSAS

No. CV-23-377

| | | |
|---|---|---|
| DAVID STEWART | | Opinion Delivered: April 11, 2024 |
| | APPELLANT | PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT |
| V. | | [NO. 35CV-23-76] |
| DEXTER PAYNE, DIRECTOR, ARKANSAS DIVISION OF CORRECTION | | HONORABLE JODI RAINES DENNIS, JUDGE |
| | APPELLEE | AFFIRMED. |

**KAREN R. BAKER, Associate Justice**

Appellant David Stewart appeals the denial and dismissal of his pro se petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016) in Jefferson County, which is the county where he is incarcerated. Stewart contended that he was entitled to habeas relief because his conviction for two counts of sexual assault violated the prohibition against double jeopardy and that a condition placed on his incarceration rendered his sentencing order illegal. Stewart further filed a motion for default judgment in the circuit court alleging that the respondent failed to respond to his petition. The circuit court found that the sentencing order was not illegal on its face and that Stewart was not entitled to a default judgement on his petition for the writ. We affirm.

## I. *Background*

On December 13, 2019, Stewart pleaded guilty to two counts of second-degree sexual assault. He was sentenced to 240 months' imprisonment for the first count of sexual

assault and to a consecutive term of 60 months' imprisonment for the second count, followed by a consecutive sentence of 120 months' suspended imposition of sentence (SIS). The charges arose from sexual contact with a child under the age of fourteen. As reflected within the sentencing order, an original charge of rape was reduced to second-degree sexual assault.[1] The sentencing order also added the following two conditions: "[Stewart] to complete RSVP [Reduction of Sexual Victimization Program] while in ADC. No contact with victim." *See Seamster v. State*, 2009 Ark. 258, 308 S.W.3d 567.

## II. *Grounds for Issuance of the Writ*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Finney v. Kelley*, 2020 Ark. 145, 598 S.W.3d 26. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Id.* When the circuit court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Id.* A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes and has personal jurisdiction over offenses committed within the county over which it presides. *Fuller/Akbar v. Payne*, 2021 Ark. 155, 628 S.W.3d 366.

A petitioner for the writ who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the circuit court's lack of jurisdiction and make a showing, by affidavit or other evidence, of probable

---

[1]The sentencing order reflects that the original crime was charged in accordance with Arkansas Code Annotated section 5–14–103(a)(3)(A), which encompasses sexual intercourse with a person under fourteen years of age; that charge was reduced to a violation of section 5–14–125(a)(3), which encompasses sexual contact with a person under the age of fourteen.

2

cause to believe that he or she is being illegally detained. *Id.* (citing Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016)). Proceedings for the writ do not require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Id.* Unless the petitioner can show that the circuit court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Id.* In habeas proceedings, an illegal sentence is one that exceeds the statutory maximum sentence. *See Hobbs v. Turner*, 2014 Ark. 19, 431 S.W.3d 283.

### III. *Standard of Review*

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

### IV. *Claims for Relief*

Stewart makes two claims for habeas relief: (1) his conviction for two counts of second-degree sexual assault arose from the same incident and the same continuing course of conduct and therefore violates the prohibition against double jeopardy; (2) the sentencing order is illegal on its face because it imposes the requirement that Stewart participate in RSVP. Finally, Stewart contends that the circuit court erred when it denied his motion for a default judgment.

While some double-jeopardy claims are cognizable in habeas proceedings, if the petitioner does not show that on the face of the commitment order an illegal sentence was

3

imposed, the claim does not implicate the jurisdiction of the court to hear the case, and the claim is not cognizable. *Jones v. Payne*, 2021 Ark. 37, 618 S.W.3d 132. It is well settled that rape is not defined as a continuing offense. *Ricks v. State*, 327 Ark. 513, 940 S.W.2d 422 (1997). When the impulse is single, only one charge lies no matter how long the act may continue. *Id*. If there are successive impulses, even though all unite in a common course of action, separate charges lie, and the test is whether the prohibition is of the individual acts or the course of action they constitute. *Id*. Each episode of rape and each means of penetration during the rapes constitute different occurrences of an "impulse" to allow multiple counts to be sustained. *McLennan v. State*, 337 Ark. 83, 987 S.W.2d 668 (1999). The same analysis has been applied when the charged counts were based on sexual assault. *Small v. State*, 371 Ark. 244, 264 S.W.3d 512 (2007) (per curiam).

Here, the face of the sentencing order does not show that the two counts of sexual assault were the result of one continuing offense involving the same impulse and the same conduct such as to violate the prohibition against double jeopardy. Proof of the same impulse requires an inquiry that would go behind the face of the sentencing order. Moreover, the face of the sentencing order reflects that Stewart was originally charged with one count of rape and one count of sexual assault, indicating that there were distinct impulses involved in each charge of sexual assault. Stewart has failed to demonstrate that the sentencing order is illegal on its face or that the trial court lacked jurisdiction to convict him of separate counts of second-degree sexual assault.

Likewise unavailing is Stewart's claim that completion of RSVP imposed in the sentencing order rendered his sentence illegal. The sentencing order reflects that Stewart was sentenced to a consecutive term of 120 months' SIS following his aggregate sentence

of 300 months' imprisonment. While completing RSVP should not be imposed as a condition of incarceration, it is often imposed as a condition of parole or SIS. *Richie v. State*, 2009 Ark. 602, 357 S.W.3d 909. It is Stewart's burden to show, by affidavit or other evidence, that he has probable cause to believe that he is being illegally detained. *Clemmons v. Kelley*, 2021 Ark. 47, 618 S.W.3d 128. Stewart must also establish with factual support that he is entitled to issuance of the writ. *Id.* Here, the face of the sentencing order shows that "additional information" had been added to the order that included two conditions—one to complete RSVP and the other to have no contact with the victim. Stewart has failed to show that these two additional conditions are part of his incarceration rather than his suspended sentence.

Finally, Stewart mistakenly claims that the circuit court erred by denying his motion for a default judgment filed pursuant to Arkansas Rule of Civil Procedure 55 (2022). The Arkansas Rules of Civil Procedure do not apply to a postconviction habeas proceeding. *Darrough v. Kelley*, 2017 Ark. 314, 530 S.W.3d 332. The State is not required to file a return until the circuit court makes a determination of probable cause—which it did not do here. *Id.* The circuit court did not clearly err when it found that Stewart failed to demonstrate entitlement to habeas relief, and it properly denied Stewart's motion for a default judgment.

Affirmed.

*David Stewart*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.