Cite as 2025 Ark. 84

# SUPREME COURT OF ARKANSAS

No. CV-24-613

| | | |
|---|---|---|
| DARRYL LEA | | **Opinion Delivered:** May 22, 2025 |
| | APPELLANT | PRO SE APPEAL FROM THE CHICOT COUNTY CIRCUIT COURT |
| V. | | [NO. 09CV-24-76] |
| STATE OF ARKANSAS | | HONORABLE ROBERT BYNUM |
| | APPELLEE | GIBSON III, JUDGE |
| | | AFFIRMED. |

**CODY HILAND, Associate Justice**

In 2014, Appellant Darryl Lea pleaded guilty to first-degree murder and robbery and was sentenced to an aggregate term of forty years' imprisonment. Now, Lea appeals from the denial of his petition for writ of habeas corpus wherein he alleges that his commitment order was invalid on its face because his sentence for both first-degree murder and robbery violated the prohibition against double jeopardy. We affirm.

A petition for writ of habeas corpus that does not allege actual innocence based upon scientific testing must allege that the judgment is facially invalid or that the trial court lacked jurisdiction. *Burks v. Payne*, 2024 Ark. 80, at 3, 687 S.W.3d 798, 801. The circuit court's ruling in a habeas proceeding will be upheld unless it is clearly erroneous. *Id.* at 2, 687 S.W.3d at 800. A decision is clearly erroneous when the court, after reviewing all the evidence, is left with the firm conviction that a mistake has been made. *Id.* The circuit court's review of a petition alleging that a judgment is facially invalid is limited to the

commitment order. *Id.* at 3, 687 S.W.3d at 801. A claim alleging that the sentences were imposed illegally in violation of the prohibition against double jeopardy generally is not cognizable by a writ of habeas corpus. *Jenkins v. State*, 2017 Ark. 288, at 2, 529 S.W.3d 236, 237; *see also Stewart v. Payne*, 2024 Ark. 48, at 3–4, 686 S.W.3d 508, 511 (double-jeopardy claim cognizable by writ only if petitioner shows on the face of the commitment order an illegal sentence was imposed, otherwise the claim does not impair the jurisdiction of the court to hear the case).

A person commits first-degree murder if "[t]he person commits or attempts to commit a felony" and "[i]n the course of and in the furtherance of the felony or in immediate flight from the felony, the person or an accomplice causes the death of any person under circumstances manifesting extreme indifference to the value of human life[.]" Ark. Code Ann. § 5-10-102(a)(1) (Repl. 2013). A separate conviction and sentence is authorized for first-degree murder "and any felony utilized as an underlying felony" for first-degree murder. Ark. Code Ann. § 5-1-110(d)(1)(C) (Repl. 2013). While a separate conviction and sentence for the underlying felony was once prohibited by law, since 1995, Arkansas law has authorized it. *Jenkins*, 2017 Ark. 288, at 3 & n.1, 529 S.W.3d at 238 & n.1. A separate conviction and sentence for the underlying felony does not violate the prohibition against double jeopardy. *Id.* at 3, 529 S.W.3d at 237.

Lea did not allege that his specific sentence for first-degree murder or robbery exceeded the maximum penalty for either crime, and because separate convictions and sentences for murder and the underlying felony do not violate the prohibition against double

2

jeopardy, Lea's claim is not cognizable by writ of habeas corpus. Because the circuit court did not clearly err when it denied the petition for the writ, we affirm.

Affirmed.

Special Justice DON CURDIE joins in this opinion.

BRONNI, J., not participating.

*Darryl Lea*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.