Cite as 2025 Ark. 185

# SUPREME COURT OF ARKANSAS
No. CV–25–174

| | |
|---|---|
| JAMES RAY DAVIS <br><br> APPELLANT <br><br> V. <br><br> STATE OF ARKANSAS <br><br> APPELLEE | **Opinion Delivered:** November 20, 2025 <br><br> PRO SE APPEAL FROM THE JACKSON COUNTY CIRCUIT COURT <br> [NO. 34CV-22-129] <br><br> HONORABLE ROB RATTON, JUDGE <br><br> <u>AFFIRMED</u>. |

**KAREN R. BAKER, Chief Justice**

Appellant James Ray Davis appeals from the denial of his pro se petition for writ of habeas corpus pursuant to Arkansas Code Annotated section 16-112-201 (Repl. 2016) filed in the county where he is currently incarcerated. In 2017, Davis pleaded guilty to multiple charges including commercial and residential burglary. Attached to his petition were multiple affidavits that are difficult to decipher but appear to allege that his sentence is illegal because his guilty plea was the result of deception and malice by the prosecutor, incompetence by his counsel, and malfeasance by the trial court. Davis further alleged that he was convicted and sentenced in violation of the constitution and due process.

While Davis used the form for habeas relief that lists section 16-112-201 at the top of the petition, Davis did not claim actual innocence or request scientific testing. Sections 16-112-201 to -208 provide that a writ of habeas corpus can issue on the basis of new scientific evidence proving a person actually innocent of the offense for which he was

convicted. *Cullen v. State*, 2024 Ark. 60, 687 S.W.3d 114. Moreover, as stated above, Davis filed his petition in the county of his incarceration, and a petition filed pursuant to section 16-112-201 must be filed in the county where Davis was convicted. *See Gipson v. State*, 2019 Ark. 310, 586 S.W.3d 603. Since Davis did not state a claim for relief pursuant to section 16-112-201, Davis's petition will be treated as a petition filed in accordance with sections 16-112-101 to -123 (Repl. 2016).

The circuit court denied the petition on the basis of Davis's failure to state a cognizable action for the writ to issue. The circuit court's ruling in a habeas proceeding will be upheld unless it is clearly erroneous. *Lea v. State*, 2025 Ark. 84, 711 S.W.3d 295. A decision is clearly erroneous when the appellate court, after reviewing all the evidence, is left with the firm conviction that a mistake has been made. *Id.*

A writ of habeas corpus issued pursuant to section 16-112-101 is proper when a judgment and commitment order is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Stewart v. Payne*, 2024 Ark. 48, 686 S.W.3d 508. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Id.* When the circuit court has personal jurisdiction over the appellant and over the subject matter, the court has authority to render the judgment. *Id.* A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes and has personal jurisdiction over offenses committed within the county over which it presides. *Id.*

A petitioner for the writ who does not allege his or her actual innocence pursuant to Act 1780 of 2001 must plead either the facial invalidity of the judgment or the circuit court's lack of jurisdiction and make a showing, by affidavit or other evidence, of probable cause

to believe that he or she is being illegally detained. *Id.* Proceedings for the writ do not require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Id.* Unless the petitioner can show that the circuit court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Id.*

Here, Davis failed to provide a sentencing order containing the sentences that he alleges are illegal. Because Davis pleaded guilty, there is no direct appeal record from which to take notice of the sentencing order, and without the order or access to the order, Davis has failed to demonstrate that his sentence is facially illegal. *Muhammad v. Kelley*, 2020 Ark. 61 (court not obligated to reach merits of habeas petition without the attached judgment). Because Davis failed to establish the facial invalidity of the judgment or that the circuit court lacked jurisdiction, there was no basis on which a writ of habeas corpus could be issued. Accordingly, the circuit court's order denying his petition is affirmed.

Affirmed.

Special Justice MILTON FINE joins.

BRONNI, J., not participating.

*James Ray Davis*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.

3