Cite as 2025 Ark. 196

# SUPREME COURT OF ARKANSAS

|  |  |
|---|---|
| IN RE AMENDMENT TO ARKANSAS SUPREME COURT RULE 4-3 AND ARK. R. APP. P. –CRIM. 14 | **Opinion Delivered:** December 4, 2025 |

## PER CURIAM

Pursuant to this court's authority to "prescribe the rules of pleading, practice and procedure for all courts," Ark. Const. amend. 80, § 3, we make the following changes to Arkansas Supreme Court Rule 4-3(a) and Arkansas Rules of Appellate Procedure-Criminal, Rule 14 as set out below in "line-in, line-out" form. Our rules require, in certain cases, that this court reviews the record for all errors prejudicial to the appellant. These rules predated the move to electronic filing. Specifically, Rule 4-(3)a requires the appellant to provide a "list of all rulings adverse to him or her made by the circuit court on all objections, motions and requests," with supporting information, and the Attorney General's brief must "make certain and certify that all of those objections have been listed."

This was certainly necessary when the court had only one record to share among the seven justices.[1] Now, because of this court's efforts to move the record to electronic form,

---

[1] The parties once filed a single, paper-copy record. Sharing this one record among seven different chambers proved burdensome. The attorneys who had the record first played an essential role in error identification.

everyone has full access to the record. The court therefore finds the rule obsolete when the sentence is life imprisonment. The court can still identify issues that may require further briefing. We also remove the Attorney General's role in the process for either case type. We are confident defense counsel will continue to identify and argue the strongest issues on appeal, and we reaffirm that the adversarial process remains the surest safeguard of fairness in cases involving the most serious sentences.

This rule change takes effect immediately. We retain the requirements for cases in which a defendant has been sentenced to death while we consider it and the corollary requirement in Rule 10(b) of the Arkansas Rules of Appellate Procedure–Criminal.

### Rule 4–3. Briefs in Criminal Cases.

(a) Court's review of errors in death ~~or life imprisonment~~ cases. When the sentence is death, ~~or life imprisonment~~ the Court must review all errors prejudicial to the appellant ~~in accordance with Ark. Code Ann. Sec. 16-91-113(a)~~. To make that review possible, the appellant must include, in addition to the contents required by Rule 4-2, a list of all rulings adverse to him or her made by the circuit court on all objections, motions and requests made by either party, and the list must include the information needed for an understanding of each adverse ruling and the page number where each adverse ruling is located in the appellate record. The list shall be placed in the brief after the request for relief. ~~The Attorney General will make certain and certify that all of those objections have been listed and will brief all points argued by the appellant and any other points that appear to involve prejudicial error.~~

(b) *Withdrawal of counsel and no-merit briefs in criminal, juvenile-delinquency, and involuntary-commitment cases.*

(1) Any motion by counsel for a defendant in a criminal, a juvenile-delinquency, or an involuntary-commitment case for permission to withdraw made after notice of appeal has been given shall be addressed to the Court, shall contain a statement of the reason for the request and shall be served upon the defendant personally by first-class mail. A request to withdraw on the ground that the appeal is wholly without

merit shall be accompanied by a brief. The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The brief's statement of the case and the facts shall contain, in addition to the other material parts of the record, all rulings adverse to the defendant made by the circuit court and the page number where each adverse ruling is located in the appellate record.

(2) The Clerk shall furnish the appellant with a copy of the appellant's counsel's brief, and advise the appellant that he or she has 30 days within which to raise any points that he or she chooses, and that this may be done in either typewritten or clearly legible handwritten form and accompanied by an affidavit that no paid assistance from any inmate of the Department of Correction or of any other place of incarceration has been received in the preparation of the response.

(3) The Clerk shall serve all such responses by an appellant on the Attorney General, who shall file a brief for the State within 30 days after such service and serve a copy on the appellant, as well as on the appellant's counsel.

(4) After a reply brief has been filed, or after the time for filing such a brief has expired, the motion for withdrawal and the briefs shall be submitted to the Court as other cases are submitted. If, upon consideration of the motion or briefs, it shall appear to the Court that the judgment of the circuit court should be affirmed or reversed, the Court may take such action on its own motion, without any supporting opinion.

### Rule 14. Matters to be Considered on Appeal

The Supreme Court need only review those matters briefed and argued by the appellant, provided that where ~~either~~ a sentence for ~~life imprisonment or~~ death was imposed, the Supreme Court shall review the entire record for errors prejudicial to the right of the appellant.

WOMACK and WEBB, JJ., concur.


**SHAWN A. WOMACK, Justice, concurring.** I agree with the court's decision to revise Rule 4–3(a) and join the per curiam opinion. I write separately to encourage the court to consider taking the same action in death penalty cases. Because the court is eliminating its own requirement to review "all errors prejudicial to the appellant" in life-

imprisonment cases, it should do the same in death-penalty cases, as both life-imprisonment and death-penalty cases are otherwise treated identically on appeal.[1] Accordingly, I would repeal Rule 4–3(a) and Rule 10(b)[2] in their entirety.

I respectfully concur.

WEBB, J. joins.

---

[1]Ark. Sup. Ct. R. 4–3(a).

[2]Ark. R. App. P.–Crim. 10(b).

4