Cite as 2025 Ark. 196

# SUPREME COURT OF ARKANSAS

**No.** CR–24–606

|  |  |  |
|---|---|---|
|  |  | **Opinion Delivered:** December 4, 2025 |
| FRANK WHEELER | | |
| | APPELLANT | APPEAL FROM THE BOONE COUNTY CIRCUIT COURT [NO. 05CR–20–240] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE JOHN R. PUTMAN, |
| | APPELLEE | JUDGE |
| | | <u>CONCURRING OPINION</u>. |

**SHAWN A. WOMACK, Associate Justice**

I write separately to explain that the dissent's premise—that we must now entertain any unpreserved constitutional claim in criminal appeals—does not follow *Evans*.[1] To be clear, *Evans* turned on an extraordinary procedural posture. This posture invited, and required, constitutional correction. It did not, however, upend this court's precedent concerning a defendant's obligations in a criminal prosecution and appeal.

## I. *Discussion*

In *Evans*, where the requirements of a statute directly conflicted with the requirements of the Arkansas Constitution, the constitutional defect was squarely exposed in the record, identified during oral argument, and subsequently examined through two rounds of supplemental briefing ordered by this court. Both parties addressed the precise

---

[1]*Evans v. Harrison*, 2025 Ark. 164.

constitutional question that proved dispositive. *Evans* thus involved (1) full adversarial development, (2) repeated opportunities to brief the controlling constitutional issue, and (3) a structural problem implicating the validity of every local ballot initiative in Arkansas. That posture bears no resemblance to the one-shot criminal appeal in *Wheeler* where the appellant alone bore responsibility for identifying, preserving, and developing any double-jeopardy claim in the trial court and in his opening brief.[2]

Indeed, criminal appeals operate under the longstanding principle that a defendant must raise constitutional objections at the first opportunity and preserve them for review.[3] Unlike the institutional defect in *Evans*—a structural problem affecting the administration of initiated measures throughout the state—the argument in *Wheeler* is an individualized double-jeopardy defense arising from a single prosecution. To equate that scenario with a forfeited double-jeopardy claim in a routine criminal appeal stretches *Evans* beyond recognition. The two cases are simply not comparable. So, to be clear, nothing in *Evans* relaxes a criminal defendant's preservation duties.

## II. *Conclusion*

In short, *Evans* neither relaxed preservation requirements nor created a roving license to revive forfeited constitutional claims. It simply reaffirmed that, once a plainly dispositive constitutional violation has been presented and fully developed, this court must give effect to the Arkansas Constitution. That unremarkable principle offers no basis to disturb the preservation rules that bar *Wheeler*'s unpreserved double-jeopardy argument. The dissent's

---

[2]*Wheeler v. State*, 2025 Ark. App. 407.

[3]*See, e.g.*, *Brown v. State*, 347 Ark. 308, 65 S.W.3d 394 (2001).

reliance on *Evans* is therefore misplaced, and its conclusion that review must be granted misses the mark.