Cite as 2026 Ark. 89

# SUPREME COURT OF ARKANSAS

No. CV–25–301

| | |
|---|---|
| CALVIN CRATOR | **Opinion Delivered:** April 30, 2026 |
| APPELLANT | PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CV-24-684] |
| V. | |
| DEXTER PAYNE, DIRECTOR, ARKANSAS DIVISION OF CORRECTION | HONORABLE, JODI RAINES DENNIS, JUDGE |
| APPELLEE | AFFIRMED. |

**SHAWN A. WOMACK, Associate Justice**

In 1966, Calvin Crator pled guilty to rape, and a Lonoke County jury sentenced him to life imprisonment. He now appeals the circuit court's denial of his petition for writ of habeas corpus in which he alleged that his sentence was illegal under the Eighth Amendment of the U.S. Constitution because the jury had unguided discretion in determining his sentence. We affirm.

Citing *Furman v. Georgia*, 408 U.S. 238 (1972), and *Gregg v. Georgia*, 428 U.S. 153 (1976), Crator argued in his petition for writ of habeas corpus that his life sentence for rape was cruel and unusual punishment. Dextor Payne, the Director of the Arkansas Division of Correction, argued in his response that Crator had failed to demonstrate that his sentence was illegal on its face and that the petition did not raise any other cognizable grounds for issuance of the writ. The circuit court agreed and denied Crator's petition.

We will affirm a circuit court's ruling in a habeas proceeding unless it is clearly erroneous.[1] For a decision to be clearly erroneous, we must, after reviewing all the evidence, be left with the firm conviction that the circuit court made a mistake.[2] When someone brings a habeas petition pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016), he must show that the judgment and commitment order is invalid on its face or that the circuit court lacked jurisdiction over the cause.[3] When the circuit court has personal jurisdiction over the petitioner and over the subject matter, the court has authority to render the judgment.[4] When the petitioner does not show that on the face of the commitment order there was an illegal sentence imposed, the claim does not implicate the jurisdiction of the court to hear the case, and the claim is not cognizable in habeas proceedings.[5] In habeas proceedings, a sentence is illegal if it exceeds the statutory maximum sentence.[6]

Here, Crator's sentence of life imprisonment did not exceed the maximum sentence for rape when Crator claims the crime was committed in 1964 and when Crator was

[1]*Lea v. State*, 2025 Ark. 84, at 1, 711 S.W.3d 295, 296.

[2]*Id.*

[3]*Stewart v. Payne*, 2024 Ark. 48, at 2, 686 S.W.3d 508, 510.

[4]*Id.*

[5]*Rea v. Kelley*, 2019 Ark. 339, at 5, 588 S.W.3d 715, 718–19.

[6]*Hayes v. Payne*, 2025 Ark. 52, at 4, *reh'g denied* (July 17, 2025), *cert. denied*, 146 S. Ct. 625 (2025).

sentenced in 1966.[7]  During that time, Arkansas Statutes Annotated section 41–3404 (Repl. 1964) provided that "any person convicted of rape shall suffer the punishment of death or life imprisonment."  Crator's invocation of *Furman* and *Gregg* is misplaced; those cases are inapplicable here because he was not sentenced to death.  And a sentence of life imprisonment for rape does not violate the Eighth Amendment.[8]  For these reasons, the circuit court did not clearly err in denying Crator's habeas petition.

Crator also argues for the first time on appeal that section 41–3401 was repealed by Act 362 of 1967 when the General Assembly amended the previous rape statute to classify rape by degrees of severity and prescribed sentences in accordance with the severity of the rape.[9]  According to Crator, the amended definition and sentencing framework for rape violated his right to equal protection because he was treated differently than individuals subsequently convicted of rape in accordance with the 1967 statute.  Crator further claims that the repeal of the statutes in effect from 1964 through 1966 shows that his life sentence, authorized by the statutes under which he had been convicted and sentenced, constituted cruel and unusual punishment.  Crator, however, did not raise this argument below, so it is

---

[7]Crator did not provide evidence establishing the date of the crime, and the "penitentiary commitment" document does not contain the date of the offense.  The applicable statute regarding the sentence for rape was in effect from 1964 through 1966.  Since the enactment of the Criminal Code, this court has consistently held that sentencing is controlled by statute and that sentencing shall be in accordance with the statute in effect when the offense was committed. *White v. State*, 2015 Ark. 100, at 3, 460 S.W.3d 279, 281.

[8]*See generally Kennedy v. Louisiana*, 554 U.S. 407 (2008); *see also Faulkner v. State*, 2026 Ark. 60, at 11–12, 728 S.W.3d 352, 359.

[9]*See* Ark. Stat. Ann. §§ 41–3401 and 41–3403 (Supp. 1967).

3

not preserved for appeal.[10]  And even if it was, his claim is unavailing.  This does not (and cannot) show that his sentence is illegal on its face or that the circuit court lacked jurisdiction.[11]

Affirmed.

WOOD, J., concurs.

*Calvin Crator*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Dalton Cook*, Ass't Att'y Gen., for appellee.

---

[10]*See Wheeler v. State*, 2025 Ark. 196, at 1 (Womack, J., concurring).

[11]*Stewart*, 2024 Ark. 48, at 2, 686 S.W.3d at 510.